STATE of Minnesota, Appellant,

v.

Bruce J. WEBBER, Respondent.

No. 48356.

Supreme Court of Minnesota.

Dec. 5, 1977.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Spec. Asst. Atty. Gen., St. Paul, Julius E. Gernes, County Atty., Winona, for appellant.

Steven H. Goldberg, Winona, for respondent.

## ORDER

1. This matter came on for a hearing before this court sitting en banc on December 1, 1977, upon the appeal by the state pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from an Omnibus Hearing Order issued by the Honorable Glenn E. Kelley, District Court Judge, Third Judicial District, on November 15, 1977.

2. The state appeals only from those portions of the Order suppressing any testimony concerning the identification of the defendant by Raymond Riniker made either at the physical line-up or thereafter and the statements of Donald Howard to Raymond Riniker on August 23, 1977.

3. The state petitions this court to reverse these two rulings of the district court.

4. It is the judgment of this court that the state has failed to sustain its burden of demonstrating that the Omnibus Hearing Order should be reversed.

THEREFORE, IT IS HEREBY ORDERED, that the state's plea for reversal is denied.

BY THE COURT:

(s) Robert J. Sheran
Chief Justice

## MEMORANDUM

This matter comes before the court on appeal by the state from certain portions of an Omnibus Hearing Order issued by the Honorable Glenn E. Kelley, District Court Judge, Third Judicial District on November 15, 1977. The state filed its appeal on November 16, 1977, and a hearing was held on

December 1, 1977, before the court sitting en banc.

The situation presented by this appeal is somewhat unusual in that the jury has already been selected and the trial judge will begin receiving evidence today in defendant's trial for murder in the first degree and conspiracy to commit murder in the first degree. Although we suggested to the parties that a stay of the proceedings be entered pending our resolution of the issues presented by this appeal, the state has declined to accept our suggestion and plans to proceed with the trial on schedule. For this reason, it is imperative that we issue our ruling immediately.

■ This appeal by the state is taken pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, which permits "the prosecuting authority [to] appeal to the supreme court * * * in any felony * * case, as of right, from any pretrial order of the district court * * *." Judge Kelley's Omnibus Hearing Order is thus an appealable order under Rule 29.03, subd. 1.

Prior to the adoption of the Rules of Criminal Procedure, the burden of proof that the state was required to sustain in an appeal from an order suppressing a confession or admission was governed by Minn.St. 632.12. That section required the state to accompany its appeal with a statement:

"asserting that the deprivation of the use of * * * a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charges filed by the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed."

Although this section referred only to confessions and admissions and was superseded by the Rules of Criminal Procedure, we believe that it provides a meaningful standard against which to measure the degree of harm to the state that will result from the suppression of evidence ordered after an Omnibus Hearing.

■ Accordingly, we hold that when an appeal is taken by the state pursuant to Rule 29.03, subd. 1, this court will only reverse the determination of the trial court if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial. In our judgment, appellant has not sustained its burden in this case, and we therefore decline to reverse.

■ It should not be assumed that the refusal of this court to grant appellant's plea for reversal of certain portions of the Omnibus Hearing Order is the equivalent of an affirmance of that order or an acceptance of the reasoning upon which the decision is based. Thus, the trial court is free to reconsider its rulings upon proper application of the parties made at an appropriate time during the course of the trial. To say that the trial court has this authority, however, is not to suggest necessarily that it should be utilized; rather, the statement is included here merely to emphasize the limited scope of our decision in this case.