**STATE of Minnesota, Appellant,**

v.

**Daniel Lee HEJL, Respondent.**

**No. 81–1095.**

Supreme Court of Minnesota.

Feb. 4, 1982.

Rehearing Denied March 2, 1982.

Warren Spannaus, Atty. Gen., St. Paul, Robert F. Carolan, County Atty., Mark Nathan Lystig and Thomas W. Bibus, Asst. County Attys., Hastings, for appellant.

C. Paul Jones, Public Defender, and Margaret LaMarche, Asst. Public Defender, Minneapolis, for respondent.

TODD, Justice.

This is a pretrial appeal by the state, pursuant to Minn.R.Crim.P. 29.03, from an order of the district court for the First Judicial District ordering the state to furnish the defense in a criminal prosecution with a transcript of the entire proceedings held before the grand jury, including the statements of the prosecutor to the grand jury made when no witnesses were present. The state objects to the last part of this order, contending among other things that the order violates Minn.R.Crim.P. 18.05, subd. 1, which provides for the verbatim reporting or recording "of the evidence taken before the grand jury and of all statements made and events occurring while a witness is before the grand jury." We affirm the order and remand for trial.

The district court judges of the First Judicial District have apparently unanimously adopted a policy that all proceedings before the grand jury, except deliberations and voting, be on the record. The district court judge presiding at the omnibus hearing in this criminal prosecution granted a defense request for a transcript not just of the grand jury proceedings which occurred when the witnesses were present but also a transcript of that part of the record made pursuant to this policy.

Our examination of the record with which we have been provided indicates that the prosecutor representing the state at the omnibus hearing did not specifically challenge the legality of the court's policy requiring verbatim recordings of the prosecutor's remarks to the grand jury but simply opposed, without detailed argument, the granting of defendant's request. Also, the state on appeal has failed to demonstrate that any error in the district court's order will have a critical impact on the outcome of the prosecution of defendant. *See State v. Webber*, 262 N.W.2d 157 (Minn.1977). We also note that under Minn.Stat. § 480.-055 the judges of the district court are free to adopt rules of practice not in conflict with rules promulgated by this court. We do not perceive any conflict between Rule 18.05, subd. 1, and the rule adopted by the district court and therefore we conclude that the district court's rule is valid.

Affirmed.