**STATE of Minnesota, Appellant,**

v.

**Joseph G. SCHMIEG, Respondent,**

**No. CX–83–1803.**

Court of Appeals of Minnesota.

Feb. 22, 1984.

Marcia Rowland, Carver County Atty., Kenneth N. Potts, Asst. Carver County Atty., Chaska, for appellant.

D. Scott Ballou, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., WOZNIAK, Judge and SEDGWICK, Judge, with oral argument waived.

## OPINION

FOLEY, Judge.

Appeal by the state from an order by the County Court of Carver County, granting defendant-respondent's pretrial motion to suppress an alleged incriminating statement made by the defendant (Schmieg) while Schmieg was in custody and during a telephone conversation which the Minnesota Implied Consent Law affords the defendant. Upon prosecution's oral notice, a stay was granted to allow the state to appeal the pretrial order. The charge is DWI, a gross misdemeanor under Minn.Stat. § 169.121 (1983).

The trial court did not identify the basis for its order to suppress. The state contends that the trial court incorrectly suppressed Schmieg's statement on Fifth Amendment grounds asserting that the *Miranda* warning was not required and reading the *Miranda* warning before the Implied Consent Advisory would unduly confuse a DWI suspect.

On appeal, the state has not offered to demonstrate any clear error by the trial court that would have a critical impact on the outcome of the trial. We affirm.

## FACTS

On August 13, 1983, Carver County Deputy Sheriff William Bennett arrested the defendant Joseph G. Schmieg, and charged Schmieg with violating Minn.Stat. § 169.-121 (1983) in Carver County. Deputy Bennett transported Schmieg to the Carver County Sheriff's Department.

In the squad room, Deputy Bennett read Schmieg the Minnesota Implied Consent Law from the State of Minnesota, Depart-ment of Public Safety Advisory form. After reading the Advisory to Schmieg, the deputy asked Schmieg if he wished to call an attorney. Schmieg replied, "I don't know at present." Deputy Bennett testified that he told Schmieg that he had a telephone and phone books available. Schmieg then asked if he could make a telephone call and the deputy consented. Schmieg dialed a telephone number from memory on a telephone located in the squad room.

Deputy Bennett testified that he did not leave the room because it was department policy not to leave anyone alone in the squad room. He also testified that he could have permitted Schmieg to hold a confidential conversation and still complied with the various departmental policies.

While Schmieg talked to an unidentified person on the telephone, Deputy Bennett heard Schmieg say he was really in a jam and that he was drunk. It was this incriminating statement which was suppressed by the trial court's order.

Bennett testified that Schmieg called a friend, but that he didn't know if the friend was a lawyer. After the call, Schmieg refused to take the breathalyzer test. The deputy read Schmieg the *Miranda* warning and Schmieg refused to answer any questions.

## ISSUE

Did the state make a proper showing on appeal to comply with *State v. Webber*, 262 N.W.2d 157 (Minn.1977)?

## ANALYSIS

▆ Here, it is unnecessary to deal at length with the "Miranda" question raised by the state, except to cite *State v. Gross*, 335 N.W.2d 509 (Minn.1983), for the holding that the police are not required to give a *Miranda* warning to a person before they give an implied consent advisory.

▆ Our decision on appeal is based on the holding of the Minnesota Supreme

Court in *State v. Webber*, 262 N.W.2d 157 (Minn.1977). In that case the Minnesota Supreme Court held that in a pretrial appeal from an order suppressing evidence in a criminal case, the court will reverse the trial court only "if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." 262 N.W.2d at 159.

The *Webber* court based this standard of review on the repealed Minn.St. 632.12. That section required the prosecution on appeal to provide a statement:

> asserting that the deprivation of the use of * * * confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charges filed by the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed.

The *Webber* court found this provision a meaningful standard to measure the harm to the state which would result from suppression of evidence after an omnibus hearing. Minnesota R.Crim.P. 29.03(1) does not contain the standard, but in *Webber* the Supreme Court adopted the previous statutory standard to be applied as part of Rule 29.03(1), and having applied that standard the court upheld the trial court. *Webber*, 262 N.W.2d at 159.

Effective August 1, 1983, the rule governing appeals by prosecuting attorneys is Rule 28.04 and the *Webber* standard would apply with like force to that rule as it did to 29.03.

The Supreme Court of Minnesota followed the *Webber* standard in several later cases. *State v. Fisher,* 304 N.W.2d 33 (Minn.1981); *State v. Helenbolt,* 280 N.W.2d 631 (Minn.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 709, 62 L.Ed.2d 672 (1980). In *Fisher,* the court's one-paragraph opinion identified the issues on appeal but refused to address those issues for the state "failed to demonstrate clearly and unequivocally that the suppression order [would] have a critical impact on the outcome of the trial." *Fisher,* 304 N.W.2d at 33.

### DECISION

 Applying the standard here, as established in *Webber*, we affirm and remand for trial. At trial, the trial court is free to reconsider its suppression ruling relative to the statements attributed to the defendant if a proper motion or application is made. The ruling is not res judicata. *See Webber, supra; State v. Gross, supra.*

Affirmed and remanded for trial.