**STATE of Minnesota, Respondent,**

v.

**Ronald B. HUNTER, Appellant.**

**No. C9–84–135**

Court of Appeals of Minnesota.

June 26, 1984.

Stephen Cooper, Neighborhood Justice Center, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard, considered, and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from a pretrial order compelling the state to turn over to the Neighborhood Justice Center police reports of all rapes, aggravated assaults, and aggravated robberies occurring while defendant was in custody. We affirm as modified.

## FACTS

Defendant Ronald Hunter was charged in two separate complaints with three incidents of criminal conduct, allegedly committed on two succeeding days. The complaints included several counts each of first degree criminal sexual assault, aggravated assault, and aggravated robbery.

Two of the three victims positively identified defendant as her assailant. The third victim was 80% sure defendant was her assailant.

To show someone else committed the crimes with which defendant was charged, defendant's counsel sought to discover all police reports of similar offenses committed while defendant was in custody. The motion was limited to offenses committed by men of similar description to defendant Hunter involving the same modus operandi.

The trial court ordered the state to deliver to the court for in camera inspection:

1. All original offense reports in which a woman was the victim of a rape, aggravated assault or aggravated robbery occurring after October 23, 1983, [the date of defendant's arrest] within an area bounded by the St. Paul Cathedral, Cleveland Avenue, University Avenue and West 7th Street in St. Paul, and

2. Where the alleged assailant was a black male between the ages of 20 and 30, 5′6″ to 5′9″ and 150 to 180 pounds.

After in camera inspection the court ordered disclosure of the reports to the Neighborhood Justice Center. The order directed that only employees of the Center shall have custody or access to the reports and that the contents of the reports shall be kept confidential. It further ordered that the victims named therein shall not be contacted in any manner without a written order of the court.

These reports were made available to this court for in camera review.

## ISSUE

Did the trial court err in compelling the state to produce the police reports for defendant?

## ANALYSIS

The standard of review for a pretrial order is two-pronged. Such an order can only be reversed if "the state demonstrates clearly and unequivocally that the trial court has erred in its judgment, and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977).

Minnesota Rules of Criminal Procedure, Rule 9.01, subd. 1(6), requires disclosure to defense counsel by the prosecutor of "any material or information within his possession and control that tends to negate or reduce the guilt of the accused as to the offenses charged."

However, due process does not require disclosure of everything that "might possibly influence a jury." *United States v. Agurs*, 427 U.S. 97, 108–109, 96 S.Ct. 2392, 2399–2400, 49 L.Ed.2d 342 (1976). Discovery rules are not meant to be used for "fishing expeditions." *State ex rel. Corbin v. Superior Court*, 103 Ariz. 465, 445 P.2d 441 (1968).

Upon in camera review of the reports, we find the reports to be irrelevant. The only thing these six cases have in common with defendant's case is that they involve crimes against women committed by men in the St. Paul area.

However, the state has not and cannot prove that "unless reversed, the error will have a critical impact on the outcome of the trial." Therefore, the discovery order must stand.

## DECISION

We affirm the trial court order with the modification that only defendant's attorney, who is bound by the Code of Professional Responsibility, may have access to the reports.