**STATE of Minnesota, Appellant,**

v.

**Christian Lee WENDROTH, Respondent.**

**No. C5–84–228.**

Court of Appeals of Minnesota.

July 31, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., John D. Ellenbecker, Asst. County Atty., St. Cloud, for appellant.

Robert D. Schaps, Litchfield, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

The state appeals two evidentiary rulings of the trial court in a prosecution for gross misdemeanor DWI. The trial court ordered that respondent's prior DWI conviction would not be revealed to the jury and that statements made by respondent prior to a *Miranda* warning were inadmissible. The state contends the prior DWI conviction is a necessary element of the offense charged which must be revealed to the jury and that no *Miranda* warning was required. The respondent argues the state failed to establish that the pretrial order will have a critical impact on the outcome of the trial, unless reversed. We agree with respondent and affirm.

## FACTS

Respondent Christian Wendroth was convicted of DWI in 1979. On October 26, 1983, Wendroth's vehicle was observed by a state trooper blocking a lane on Highway 22 near Richmond, Minnesota. The motor was running, the lights were on and Wendroth was slumped behind the steering wheel asleep. After awaking respondent and observing respondent's appearance and lack of balance, the trooper asked respondent to sit in the squad car. Respondent was asked what the problem was and he replied that he didn't think there was a problem. The trooper then showed respondent how his vehicle was parked and respondent again said he didn't think there was a problem. The trooper gave respondent a *Miranda* warning and arrested him for DWI. Respondent was charged with gross misdemeanor DWI under Minn.Stat. § 169.121, subd. 3(a) (Supp.1983).

Respondent stipulated to the validity of the prior DWI conviction. After the Omnibus Hearing, respondent's motion to prohibit disclosure to the jury of the prior DWI conviction was granted. The trial court also suppressed any statements made by the respondent to the trooper while he was in the squad car that were given prior to the *Miranda* warning. The state appealed these rulings, pursuant to Rule 28.-04 of the Minnesota Rules of Criminal Procedure.

## ISSUE

Has the state made a proper showing that the trial court's rulings will have a critical impact on the trial unless reversed?

## ANALYSIS

In *State v. Webber*, 262 N.W.2d 157 (Minn.1977), the Minnesota Supreme Court held that in a pretrial appeal from an order suppressing evidence in a criminal case, the

trial court's ruling will be reversed only "if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *Id.* at 159. *See State v. Hejl,* 315 N.W.2d 592, 593 (Minn. 1982); *State v. Fisher,* 304 N.W. 33 (Minn. 1981); *State v. Hunter,* 349 N.W.2d 865 (Minn.Ct.App.1984); *State v. Pelovsky,* 347 N.W.2d 529 (Minn.Ct.App.1984); *State v. Schmieg,* 344 N.W.2d 425 (Minn.Ct.App. 1984).

The state failed to address the *Webber* criteria in its brief. Analysis of just one of the *Webber* case standards, the impact of rulings on a trial, shows that review is inappropriate.

Keeping the prior DWI conviction from the jury is unlikely to have a critical impact on the trial. Respondent has stipulated to the validity of the prior conviction which will permit enhancement to a gross misdemeanor if he is convicted of DWI for the October 26, 1983 offense. See *State v. Davidson,* 351 N.W.2d 8 (Minn.1984) for discussion of defendant's right to stipulate to a prior conviction.

The ruling suppressing any statements made in the squad car prior to a *Miranda* warning is also unlikely to have a critical impact on the trial. The statement by respondent that he didn't think there was a problem with the manner in which his car was parked is only minimally incriminating. Further, at the Omnibus Hearing the trooper testified to statements that the respondent made after a *Miranda* warning was given which were far more incriminating and which were not suppressed in the trial court's order. In the statements, for example, respondent told the trooper that he and some friends stopped for a drink after work and respondent admitted that he had some brandy to drink.

We are mindful of the significance of the recent decision of the United States Supreme Court in *Berkemer v. McCarty,* ——
U.S. ——, 104 S.Ct. 3138, 81 L.Ed.2d ——
(U.S.1984). There it was held that custodial interrogation for *Miranda* purposes does not include roadside questioning on an ordinary traffic stop. Although this case bears on a ruling of the trial court, we do not decide the effect of the case because of our holding.

## DECISION

We need not reach the questions raised by the state on this appeal because the state has failed to establish the pretrial order will have a critical impact on the trial unless reversed as established by *Webber.*

Affirmed.