**STATE of Minnesota, Appellant,**

v.

**David Michael DePOE, Respondent.**

**No. C6–84–1176.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, John R. Leitner, Aitkin County Atty., Aitkin, for appellant.

Richard A. Zimmerman, Ryan, Ryan & Zimmerman, Aitkin, for respondent.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

The State appeals a pretrial order excluding certain evidence as the fruit of an illegal search of a car. The State claims this evidence is admissible because the officer made a proper warrantless search of the car. We reverse.

## FACTS

On September 24, 1983, at approximately 3:00 A.M., Conservation Officer Lang observed a car driving slowly back and forth on a county highway. The area Officer Lang was patrolling had a high incidence of deer poaching, and Officer Lang decided to investigate. He followed the car with his headlights off for a short distance. The car stopped, and a gunshot was fired.

As the car began to move again, Officer Lang turned on his emergency lights to stop the car. As the vehicle slowed, Officer Lang could see two passengers handling a rifle in what appeared to be an attempt to unload it. Once the car was stopped, Officer Lang ordered the occupants out of the car. Lang found the rifle in plain view on the floor behind the back seat. Defendant is allegedly one of the persons seen handling the rifle.

Officer Lang then searched the passenger compartment of the car. He found a knife and bullets in the glove compartment, a baseball bat behind the driver's seat, and a flashlight on the floor in front of the front seat. After being read their *Miranda* rights, two of the three suspects made statements describing their plans to poach deer. After another police officer arrived, Officer Lang searched the car's trunk with the driver's permission. Lang found a blood-stained tablecloth and some deer hair in the trunk.

Defendant was charged with "deer shining," a gross misdemeanor under Minn. Stat. § 97.55, subd. 9 (Supp.1983), § 100.29, subd. 10 (1982). Following the omnibus hearing, the trial court found the flashlight, knife, bullets, baseball bat, tablecloth, and deer hair were the products of

an improper warrantless search of the car. The trial court excluded all evidence except the rifle.

## ISSUE

Did the trial court err by excluding the seized evidence?

## ANALYSIS

■ To prevail on an appeal under Minn. R.Crim.P. 28.04, subd. 2, the State must demonstrate "clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977). The excluded evidence will have a critical impact on the outcome of the trial. Therefore, this court need only consider whether the search of the car was proper.

A police officer may make a warrantless search of an automobile when there is probable cause to believe the vehicle is carrying contraband. *Carroll v. United States*, 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925). As the United States Supreme Court recently stated:

> In this class of cases, a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.

*United States v. Ross*, 456 U.S. 798, 809, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982).

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*Id.* at 825, 102 S.Ct. at 2172, *quoted in State v. Schinzing*, 342 N.W.2d 105, 111 (Minn.1983).

■ Officer Lang had probable cause to search the car for evidence of deer poaching. He observed the car driving in a suspicious manner, heard a gunshot fired from the car, and observed the passengers unloading the rifle. The partially uncased rifle was found in plain view.

Since Officer Lang had probable cause to search the car, he could search any part of the car possibly used to conceal evidence of poaching. *Ross*, 456 U.S. at 825, 102 S.Ct. at 2172. The record discloses Officer Lang searched only those places where tools or profits of poaching could be concealed. Therefore, the trial court erred by excluding the flashlight, knife, bullets, baseball bat, tablecloth, and deer hair.

### DECISION

The trial court erred by excluding seized evidence because the evidence was seized pursuant to a valid warrantless search of a car.

Reversed.