**CITY OF BEMIDJI, Appellant,**

v.

**Robert Blaine HARR, Respondent.**

**No. C7–85–323.**

Court of Appeals of Minnesota.

May 28, 1985.

Alfred P. Zdrazil, Bemidji, for appellant.

Thomas L. D'Albani, Bemidji, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is a pretrial appeal by the State pursuant to Minn.R.Crim.P. 28.04 from an order requiring the complainant in a shoplifting trial to be deposed by defense counsel. We reverse.

## FACTS

Robert Harr was charged with shoplifting a package of film from a grocery store in Bemidji on October 11, 1984. Duane Rongstad, an employee of the store, apprehended Harr and called the police. Harr moved under Minn.R.Crim.P. 21.01 to take Rongstad's deposition prior to trial. Harr's counsel claimed he did not think Rongstad would give information unless subpoenaed. The trial court granted Harr's motion and ordered the issuance of a subpoena requiring Rongstad to appear for a deposition at defense counsel's office during normal business hours prior to trial. The court also ordered Rongstad to bring all reports prepared by his employer regarding the event and the film allegedly stolen.

## ISSUE

Did the trial court err in ordering the deposition of a prosecution witness?

## ANALYSIS

■ Under the Minnesota Rules of Criminal Procedure, the trial court may order the deposition of a prospective witness only when there is a "reasonable probability" that the prospective witness will be unavailable for trial because of the conditions specified in Minn.R.Crim.P. 21.06, subd. 1. See Minn.R.Crim.P. 21.01, 21.06, subd. 1

and Comment; *State v. Rud*, 359 N.W.2d 573, 578 n. 1 (Minn.1984).

Harr neither alleged nor proved that there was a reasonable probability that the witness would be unavailable at the trial.

■ Respondent agrees that the court's order violates the rules, but argues the error will not have a critical impact on the outcome of the trial. Respondent cites *State v. Webber*, 262 N.W.2d 157 (Minn. 1977) as authority. In that case the court held that a suppression order relating to identification testimony would not be overturned unless the state could show that the lack of such testimony would have a critical impact on the outcome of the trial.

A court could evaluate the impact of such testimony based on assertions by the state as to all the evidence in the case. However, it is difficult to imagine how a court could evaluate the impact of a deposition order on a trial. Further, the rules do not condone harrassing victims by requiring that their depositions be taken by defense counsel. This kind of possible harrassment was the basis of restrictions put on victims' testimony in omnibus hearings. *See Rud*, 359 N.W.2d 573. Therefore, the "critical impact" requirement of *Webber* is not applicable to this case.

## DECISION

The trial court erred in ordering the deposition of a prosecution witness in a criminal case.

Reversed.