STATE of Minnesota, Appellant,

v.

David Alan EISENBACHER,
Respondent.

No. C8-85-38.

Court of Appeals of Minnesota.

May 28, 1985.

Hugh T. Nierengarten, City Atty., New Ulm, for appellant.

William M. Schade, New Ulm, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LESLIE, Judge.

The State appeals from a pretrial order in a prosecution for gross misdemeanor DWI. The order precluded the introduction of statements from an unknown citizen informer as hearsay and overruled a determination made on the same issue at an omnibus hearing. The State contends that the order is incorrect as a matter of law and alternatively, that a ruling on the admissibility of evidence at an omnibus hearing cannot be overruled by the presiding judge at a pretrial hearing. The respondent cross appeals alleging that appellant's oral notice of intent to use statements in the form of confessions violates Minn.R. Crim.P. 7.01 and that suppression of the evidence is required.

We affirm and remand.

## FACTS

Respondent David Eisenbacher was convicted of DWI in 1983. Shortly before 9:00 p.m. on August 23, 1984, an unknown citizen informant called the Sleepy Eye Police Department to report that the driver of a white van with Minnesota plates might be intoxicated. The citizen further stated that the vehicle was headed toward New Ulm and provided police with a license number. The information was radioed to a New Ulm patrol officer who then proceeded to the area leading into the city from Sleepy Eye.

At approximately 9:05 p.m., the patrol officer observed a vehicle matching the radio description, belonging to respondent, enter the city. The vehicle passed the patrolman's position at the speed limit, then made an extremely slow turn around the corner. The patrolman followed the van and noticed that it continued to weave from the curb to the centerline within its lane over a three block period. At the next corner respondent turned but failed to signal. The patrolman then motioned the respondent to pull over and the van "slowly inched" to the curb.

When respondent stepped out of the van, the patrolman noticed that he was swaying slightly backward. The officer also detected alcohol on respondent's breath when he asked him for a driver's license. While attempting to comply with this request, respondent dropped a $50 bill to the ground and failed to notice this until the patrolman called it to his attention. As respondent reached down to pick up the money, he stumbled and had to step backwards to regain his balance. Respondent then voluntarily submitted to a series of field sobriety tests. After repetitive swaying and staggering, respondent was arrested and driven to the New Ulm police station. When respondent refused to comply with implied consent testing, he was given his *Miranda* rights. Subsequent to *Miranda* he answered a series of short questions by police.

At the initial appearance on November 13, 1984, the prosecutor orally informed respondent's temporary counsel, Terry Dempsey, of his intent to use statements made subsequent to *Miranda.* Mr. Dempsey did not object to the form of notice and informed the court that a fellow member of his law firm, William Schade, would be the attorney of record. An omnibus hearing was held on December 14, 1984, before the Honorable Richard Kelly. Respondent objected to the nature of the hearing and argued that he never received written notice as required under Minn.R.Crim.P. 7.01. Respondent further objected to the inclusion of the citizen's statements in the patrolman's testimony on hearsay grounds. Both objections were overruled. Respondent then moved to remove Judge Kelly from the case. The motion was granted and the Honorable David Teigum was assigned to the case. At a hearing *in limine* before Judge Teigum, respondent renewed his hearsay objection. The prosecutor stipulated that respondent's prior DWI conviction would not be disclosed to the jury. A December 27, 1984 order excluded the statements and the prior DWI conviction. The State appeals from that part of the order excluding the statements pursuant to Rule 28.04 of the Minnesota Rules of Criminal Procedure.

## ISSUES

1. Has the State demonstrated that suppression of statements from an unknown citizen informer will have a critical impact on the trial?

2. Was oral notice of an intent to use respondent's post-*Miranda* statements sufficient when no objection was made and when temporary counsel informed the court that he would advise the attorney-of-record, a member of the same law firm, about the proceedings?

## ANALYSIS

### 1. *Exclusion of Statements*

This case squarely falls within the confines of *State v. Webber*, 262 N.W.2d 157 (Minn.1977). In *Webber*, the Minnesota Supreme Court held that appeals from pretrial criminal orders suppressing evidence warranted reversal only "if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment *and* that, unless reversed, the error will have a critical impact on the outcome of the trial." *Id.* at 159. (Emphasis supplied.) *See State v. Hejl*, 315 N.W.2d 592, 593 (Minn.1982); *State v. Fisher*, 304 N.W.2d 33 (Minn.1981); *State v. Pelovsky*, 347 N.W.2d 529 (Minn.Ct.App.1984); *State v. Schmieg*, 344 N.W.2d 425 (Minn.Ct.App. 1984).

The present case is similar to *State v. Wendroth*, 352 N.W.2d 133 (Minn.Ct.App. 1984). In *Wendroth*, the State failed to address the *Webber* criteria in its brief. We held that review of other issues raised by the State was inappropriate when the State failed to establish that the evidence suppressed in the pretrial order would have a critical impact on the trial.

Here, the State has vigorously argued the wrongful exclusion of the citizen's statements on hearsay grounds. Specifically, the State argues that the statements were not offered to prove respondent's guilt but rather the patrolman's motivation for originally observing respondent's vehicle. If our inquiry were limited to this issue, the State's argument would be persuasive. We would remain troubled however, by the absence of factors supporting reliability. That however, is not the end of our inquiry.

*Webber* clearly requires that the State demonstrate the existence of *both* criteria. Here, the State has failed to address whether suppression of the citizen's statements would have a critical impact on the trial. Even if the patrolman could not use the statements to support his original observation of respondent, it is clear that exclusion of the evidence will not critically affect the outcome of the trial.

The patrolman may still testify to events based on his personal observations of respondent. His testimony would include respondent's abnormally slow driving, the weaving within his traffic lane, the inability to maintain his balance when picking the money off the ground, the distinct odor of alcohol on his breath and his inability to pass field sobriety tests. We also note that the state conceded that the patrolman could testify to his location by simply stating that he was acting "upon information received." In sum, the state has failed to meet its burden of proof and we need not review the propriety of the pretrial order nor address the level of discretion that attaches to an original pretrial ruling on the suppression of evidence.

### 2. *Oral Notice*

Rule 7.01 of the Minnesota Rules of Criminal Procedure controls notice requirements and identification procedures in gross misdemeanor cases. It provides in part:

> In felony and *gross misdemeanor* cases notice shall be given in *writing* on or before the date set for the defendant's initial appearance in the district court as provided by Rule 5.03. In *misdemeanor* cases, notice shall be given either in *writing or orally* on the record in court \* \*

(Emphasis supplied).

The comments to Rule 7.01 plainly state that notice in writing is *required* in felony

and gross misdemeanor cases. Notice in misdemeanor cases, by contrast, is more flexible; oral or written will suffice.

■ The state concedes that written notice was not given. While respondent has the stronger argument based on the language of the statute, the circumstances of this case do not dictate a reversal.

At the initial appearance, respondent was represented by Terry Dempsey, temporary counsel filling in for William Schade. The relevant portions of the record are as follows:

> Mr. Nierengarten (prosecuting attorney): Your Honor, for the record, this is a gross misdemeanor DWI charge. We do have statements * * * in the nature of confessions made by the [d]efendant at the time of the arrest, subsequent to Miranda, and we give notice of that effect to the defense at this time.
>
> The Court: Are you going to need an evidentiary hearing?
>
> Mr. Nierengarten: Yes, your Honor.
>
> \* \* \* \* \* \*
>
> Mr. Dempsey: * * * The record should indicate * * * that this case is being handled by Mr. Schade * * * he *will be the attorney of record and I'll advise him of that.* (Emphasis supplied.)

We think it is relevant that Mr. Demmpsey and Mr. Schade were members of the same law firm and that counsel was provided 30 days to communicate the oral notification. We especially note that the record reflected this failure to adequately communicate as the basis for respondent's objection to the nature of the hearing. Therefore, under the facts of this case we find an implied waiver of written notification as required under Minn.R.Crim.P. 7.01.

■ At oral argument respondent moved for an award of attorney's fees and costs under Minn.R.Crim.P. 28.04, subd. 2(6). Respondent requests $2,298.93. Respondent, however, fails to separate time spent on the appeal of the issues raised by the State from his cross appeal. Nor has he adequately itemized with specificity the time spent on various items of services

rendered. Consequently, we are unable to justify his total request. We do find that $1,500 would be reasonable and award him that amount pursuant to Minn.R.Crim.P. 28.04 subd. 2(6) to be paid by Brown County. *See City of Mankato v. Fetchenhier,* 363 N.W.2d 76 (Minn.Ct.App.1985); *State v. Carlson,* 360 N.W.2d 442 (Minn.Ct.App. 1985).

### DECISION

Under the *Webber* standard, the state has failed to establish that suppression of the citizen informer's statements will have a critical impact on the trial. Under the facts of this case, respondent waived his right to written notification of the state's intent to use confessions and statements made in the form of confessions.

Affirmed and remanded.