STATE of Minnesota, Appellant,

v.

John RITTER, Respondent.

No. C4–85–2174.

Court of Appeals of Minnesota.

March 18, 1986.

Hubert H. Humphrey, III, Atty. Gen., Edward P. Starr, St. Paul City Atty., Michael F. Driscoll, Richard J. Coleman, Asst. City Attys., St. Paul, for appellant.

Michael C. Black, St. Paul, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG and LESLIE, JJ.

## SUMMARY OPINION

FORSBERG, Judge.

### FACTS

John Ritter was charged with violating two St. Paul city ordinances involving installation of a paint booth without a permit or license. At the pretrial date of October 23, 1985 (apparently an earlier pretrial date was continued) defense counsel indicated that St. Paul inspector Jack Mueller gave him "assurances" the installation was permitted. The prosecutor and defense attorney apparently agreed that a discussion with Mueller would resolve the issue of the alleged assurance. They agreed to another pretrial hearing on November 13, 1985 and that the City would request Mueller's appearance. An assistant city attorney wrote Mueller a letter and asked him to appear to testify. On November 13, 1985 the pretrial hearing was heard before a different judge. Mueller did not appear. The City moved for a continuance and defense counsel sought a trial date. The trial court set the matter for jury trial and assessed attorney's fees of $75 against the City because of the non-appearance of

Mueller. The City appeals the order assessing attorney's fees.[1]

## DECISION

At oral argument, both parties agreed that *State v. Webber*, 262 N.W.2d 157 (Minn.1977) is applicable. *Webber* held that in a pretrial appeal by the State, the trial court's determination will be reversed only "if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *Id.* at 159. The State conceded that the order at issue in this case will not have a critical impact on the trial but urged us to consider the merits in any event. We decline to do so.

Dismissed.

---

1. Minn.R.Crim.P. 28.04, subd. 2(8) states that the prosecutor may not appeal until after the omnibus hearing or pretrial conference has been held and all issues raised therein have been determined. The matter was set on the jury calendar and apparently no pretrial conference or omnibus hearing is scheduled; we therefore decline to dismiss the appeal on this ground.