**STATE of Minnesota, Appellant,**

v.

**Daryl Vernon NORBERG, Respondent.**

**No. C3–88–155.**

Court of Appeals of Minnesota.

May 24, 1988.

Hubert H. Humphrey, III, Atty. Gen., Janet A. Newberg, Asst. Atty. Gen., St. Paul, for appellant.

James A. Beuning, Mahnomen, for respondent.

Heard, considered and decided by PARKER, P.J., and NORTON and KALITOWSKI, JJ.

## OPINION

NORTON, Judge.

The state appeals from a pretrial order suppressing certain statements made by the respondent, Daryl Norberg, in which Norberg admitted to sexual contact with a mentally retarded resident of the group home he ran in Thief River Falls, Minnesota. We reverse.

## FACTS

Respondent is the owner/operator of the Crestview Board and Care Facility, a group home for the mentally ill and mentally retarded in Thief River Falls, Minnesota. On September 7, 1987, Deborah Johnson, an investigator in the attorney general's office, began a criminal investigation into allegations made by C.S., a resident of the Crestview Home. On September 10, 1987, Johnson called respondent and asked him to come to the Law Enforcement Center in Thief River Falls to discuss C.S.'s allegations. Respondent arrived at the Law Enforcement Center approximately one hour later where he was met by Agent Steven Hagenah of the Minnesota Bureau of Criminal Apprehension and escorted to a conference room.

Both Johnson and Hagenah were in the conference room during the interview with respondent. Johnson testified that neither she nor Hagenah was in uniform and further testified she did not carry a gun and believed Hagenah was also not carrying a gun. The conference room is in a nonsecured area of the Law Enforcement Center. During the interview the door was closed but not locked. Johnson told respondent he was free to leave and need not answer any questions. Respondent agreed to talk and denied the allegations made against him by C.S. At no time during the interview did Johnson or Hagenah read respondent his *Miranda* rights.

Following the September 10 interview with respondent, Johnson continued her investigation of C.S.'s allegations. In the course of the investigation, Johnson discovered that two other women, D.M. and L.J., alleged they had been sexually abused by respondent when they were residents of the facility. On October 20, 1987, Johnson called respondent's home and talked to his wife. Johnson asked Mrs. Norberg if her husband would come down to the Law Enforcement Center and talk to her again. Respondent arrived at the Law Enforcement Center about one hour later.

The second interview was conducted in the same conference room as the first interview. Respondent was again told he could refuse to answer questions and could end the interview at any time. He was not read his *Miranda* rights. At the time of the October 20 interview Johnson considered respondent a suspect in the sexual abuse of C.S., D.M. and L.J.

Following his initial denials, respondent eventually confessed to having sexual contact or penetration with C.S. and additionally stated that he had had intercourse with L.J. Following the conclusion of the October 20 interview, respondent left the conference room and the Law Enforcement Center. He was not arrested until November 18, 1987.

The trial court found the interviews had taken place in a "coercive atmosphere" which required *Miranda* warnings. Since no *Miranda* warnings were given, the trial court suppressed respondent's statements. The state appeals pursuant to Minn.R. Crim.P. 28.04.

## ISSUES

I. Will suppression of respondent's statements have a critical impact on the outcome of respondent's trial?

II. Did the trial court err in finding that respondent's statements were made in violation of his constitutional rights?

## ANALYSIS

### I.

Before this court can reverse an order suppressing evidence in a criminal case, the prosecution must show that, unless reversed, the suppression will have a critical impact in the outcome of the trial. *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977). Critical impact means that the effect is to seriously impede, although not to completely foreclose, continuation of the prosecution. *State v. Kim*, 398 N.W.2d 544, 551 (Minn.1987).

The state argues that without the statements of respondent, the only evidence the state would have would be the testimony of a 43–year–old mentally ill, mentally retarded woman with an IQ of 62. Respondent, on the other hand, claims the state could introduce prior consistent statements made by C.S. Respondent fails to note, however, that C.S. has a history of accusing others of similar acts. Respondent has identified several potential witnesses who would testify to accusations made against them by C.S.

Suppression of respondent's statements would leave the state with only the very impeachable testimony of C.S. This would seriously impede the continued prosecution of this case. The state has established that the suppression of statements would have critical impact on the outcome of the trial.

### II.

In addition to showing that suppression will have a critical impact, the state must

show the trial court's conclusion was clearly erroneous. *Kim,* 398 N.W.2d at 547.

The trial court concluded that both of respondent's statements to investigator Johnson were taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The warnings required by *Miranda* must be given to a suspect who is in custody or deprived of his freedom of action in a significant way. However, *Miranda* warnings are not necessary when a suspect comes to the police station voluntarily and gives a statement. *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977); *see also California v. Beheler,* 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (where a suspect agrees to accompany police to the police station, the police tell the suspect he is not under arrest and the suspect is allowed to leave after a brief interview, the suspect is not in custody).

In determining whether respondent was in custody, we must look at the circumstances surrounding the interviews. Based on these circumstances, we must decide whether, as a matter of law, respondent was in custody. A person is in custody for *Miranda* purposes when that person is under arrest or subject to restraint substantially equivalent to a formal arrest. *See Mathiason,* 429 U.S. at 495, 97 S.Ct. at 714. "Restraint substantially equivalent to a formal arrest" means that the person is deprived of his freedom of action in any significant way. *State v. Herem,* 384 N.W. 2d 880, 884 (Minn.1986).

The Minnesota Supreme Court has concluded that a defendant is not entitled to a *Miranda* warning when he is questioned at BCA headquarters and told that he is free to leave. *State v. Marhoun,* 323 N.W.2d 729, 731 (Minn.1982). Similarly, this court has stated that *Miranda* warnings are not required for suspects who come voluntarily to a police station and give a statement to police. *State v. Holden,* 414 N.W.2d 516 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Jan. 15, 1988); *State v. Larson,* 393 N.W.2d 238 (Minn.Ct.App.1986).

In the present case, the only testimony presented at the omnibus hearing was that of Investigator Johnson. Johnson testified that on each occasion respondent was interviewed he came to the Law Enforcement Center voluntarily at her request. She further testified that on each occasion she told respondent that he was free to leave at any time and did not have to answer any of her questions. On each occasion respondent gave a statement to her. Finally, on each occasion respondent left the Law Enforcement Center following the interview and was not arrested. Under the circumstances of this case, we conclude that respondent was not in custody.

The trial court emphasized the fact that the questioning took place at the Law Enforcement Center, which also contains the offices of the chief of police, the county sheriff and the county jail, and that both Johnson and Hagenah considered respondent to be a suspect. This does not make the questioning "custodial interrogation" which would require a *Miranda* warning. *See Mathiason,* 429 U.S. at 495, 97 S.Ct. at 714 (warnings not required "simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect"); *Herem,* 384 N.W.2d at 884; *State v. Martinson,* 422 N.W.2d 282 (Minn.Ct.App. April 12, 1988).

In this case, respondent was not entitled to *Miranda* warnings when he voluntarily spoke with the investigators in the conference room. Thus, any statements made by respondent on these occasions are admissible.

## DECISION

The trial court erred in suppressing voluntary statements made by respondent when he was not in police custody.

Reversed.