**STATE of Minnesota, Appellant,**

v.

**Corrine I. AULT, Respondent.**

**No. CX–91–1202.**

Court of Appeals of Minnesota.

Dec. 24, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Todd Scott Webb, Ohnstad Twichell, P.C., West Fargo, N.D., for appellant.

Neil A. McEwen, McEwen Law Office, Thief River Falls, for respondent.

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

Considered and decided by RANDALL, P.J., and KALITOWSKI and FLEMING *, JJ.

## OPINION

KALITOWSKI, Judge.

This pretrial appeal is from an order suppressing a blood test. We reverse.

## FACTS

Respondent Corrine Ault was stopped on March 24, 1991, when officers observed her traveling in the wrong lane of traffic. The arresting officer observed indicia of intoxication, and, when asked, Ault admitted she had been drinking. Ault was arrested and taken to the Law Enforcement Center, where she was given the implied consent advisory and agreed to take a blood test. As part of the advisory, Ault was told she had a right to consult an attorney *after* submitting to testing. She stated she understood this.

The blood test showed an alcohol concentration of .11. Ault was charged with misdemeanor DWI and illegal lane usage. Ault made no written pretrial motions. On July 2, 1991, the day the case was scheduled to be tried, Ault made an oral motion, without prior notice, to suppress the blood test and dismiss the complaint. Ault argued she had not been given an opportunity to consult with counsel before being asked to submit to testing, a right announced in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 833 (Minn. 1991).

The state objected that the suppression motion was untimely. The court, however, permitted the motion and suppressed the test because Ault's right to counsel, as announced in *Friedman*, had been violated.

## ISSUES

1. Would suppression of the test have a critical impact on the DWI prosecution?

pursuant to Minn. Const. art. VI, § 2.

2. Did the trial court clearly err in applying the *Friedman* holding?

## ANALYSIS

### I.

■ The state in a pretrial appeal has the burden of showing clearly and unequivocally that the trial court erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the prosecution. *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977). "Critical impact" is shown "where the lack of the suppressed evidence significantly reduces the likelihood of a successful prosecution." *State v. Joon Kyu Kim,* 398 N.W.2d 544, 551 (Minn.1987).

■ The supreme court has held that a defendant's confession may have a "critical impact" even though the state has other substantial evidence of guilt. *State v. Ronnebaum,* 449 N.W.2d 722, 724 (Minn. 1990). A chemical test showing an alcohol level in excess of the statutory limit is evidence of similar probative value in a DWI prosecution. *See State v. Wickern,* 411 N.W.2d 597, 598–99 (Minn.App.1987). We conclude that in this case the state has shown suppression of the test will have a "critical impact."

### II.

■ Under the Minnesota Constitution a driver possesses a right to an opportunity to consult with counsel before being asked to submit to chemical testing. *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 833 (Minn.1991). The supreme court, however, has limited the retroactive application of this holding:

· *Friedman* thus applies retroactively only to cases pending on the date of the *Friedman* decision where the driver properly and in a timely fashion requested an opportunity to consult with an attorney, the request was denied, and the driver properly challenged the denial in district court as a violation of the right to counsel under the Minnesota Constitution * * *. Only if the issue of right to counsel under the Minnesota Constitu-

tion had actually been raised in district court prior to June 7, 1991, will *Friedman* apply retroactively.

*Id.* at 838 (on petition for rehearing). The trial court did not have the benefit of this clarification.

There is no indication in the record that Ault requested an opportunity to contact counsel, the first condition for applying *Friedman.* Ault does not contend on appeal that she did so, and her responses at the time the advisory was given make it unlikely she did. Therefore, the *Friedman* holding does not apply to this prosecution.

## DECISION

The trial court clearly erred in applying *Friedman* to this prosecution. The state has shown the suppression order would have a "critical impact" on the prosecution.

Reversed.

RANDALL, Judge, dissenting.

When the state appeals a pretrial order in a criminal prosecution, the state must demonstrate "clearly and unequivocally, first, that the trial court erred in its judgment and, second, that unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Joon Kyu Kim,* 398 N.W.2d 544, 547 (Minn.1987) (citing *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977)). If there is no critical impact, appellate review stops because the claimed error becomes irrelevant. I find no critical impact on the state's case by the trial court's suppression of the alcohol concentration test. This appeal should be dismissed.

The state has the following strong evidence of intoxication. In a normal prosecution under Minn.Stat. § 169.121, subd. 1(a) (1990), the state should be delighted to have this record. Respondent brought herself to the officer's attention because she was driving the wrong way on a divided road. The officers activated their red lights and siren, and only then did respondent turn into a correct lane. Respondent then drove several blocks while the officers followed her with red lights and siren on

before she stopped. The officers noted her speech was hard to understand, her eyes were watery, and her footing was shaky. She admitted to having consumed alcohol, and she failed certain field sobriety tests. The suppressed alcohol concentration test result was only .11. In the course of my experience, I suggest the state ought to be able to make this case under section 169.-121, subdivision 1(a) without that test.

On critical impact, the standard that the suppressed evidence "significantly reduces the likelihood of a successful prosecution" was not met. *State v. Ronnebaum*, 449 N.W.2d 722, 724 (Minn.1990) (quoting *Joon Kyu Kim*, 398 N.W.2d at 551). This appeal should have been dismissed for failure of the state to reach the threshold of critical impact.

I respectfully dissent.