STATE of Minnesota, Appellant,

v.

**David Manuel JONES, Respondent.**

No. C7–94–569.

Court of Appeals of Minnesota.

June 21, 1994.

Review Denied July 27, 1994.

Hubert H. Humphrey, III, Atty. Gen., James P. Spencer, Asst. Atty. Gen., St. Paul, and Earl E. Maus, Cass County Atty., Walker, for appellant.

Harry E. Eliason, Thuet, Pugh & Rogosheske, South St. Paul, for respondent.

Considered and decided by ANDERSON, C.J., and CRIPPEN and PETERSON, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

This is a prosecution pretrial appeal from an order denying the state's motion to exclude defense evidence. This court, questioning whether the state can demonstrate that the district court's order will have a critical impact on the outcome of the prosecution, directed the parties to file informal memoranda on the issue. We dismiss the appeal.

### FACTS

Cass County indicted respondent David Manuel Jones for aggravated robbery for allegedly participating in the robbery of the Palace Casino on September 30, 1993. Four other individuals were also indicted for this offense. One of the state's prospective witnesses is Gordon Northbird. Northbird allegedly withdrew from the conspiracy to rob the Palace Casino at some point before the robbery.

The state filed a motion in limine to exclude evidence of another offense that the defense claims Northbird committed. This offense, a robbery at Swenson's Truck Stop, occurred several days before the Palace Casino robbery. The state moved to exclude the evidence on the grounds that it was hearsay, that there was an inadequate showing that Northbird committed the robbery, and that there was an inadequate showing of any connection between the Palace Casino and Swenson's Truck Stop robberies.

The district court, by written order, denied the motion in limine. The court later denied the state's motion for reconsideration, but clarified its ruling. The state appealed from the order denying reconsideration. This court issued an order directing the parties to file informal memoranda addressing whether the state can show that the district court's order has critical impact.

## ISSUES

I. Does this court have authority to require a preliminary showing of critical impact?

II. Does the critical impact test apply to an order denying a motion to exclude evidence?

III. Has the state made a preliminary showing of critical impact?

## ANALYSIS

### I.

██ In order to prevail in an appeal from a pretrial order, the state must show clearly and unequivocally that the district court erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial. *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977).

The supreme court discussed the *Webber* test and its application in *State v. Joon Kyu Kim,* 398 N.W.2d 544, 550 (Minn.1987). In addressing the "critical impact" test, the court noted:

> The fact is that before the establishment of the court of appeals, we frequently reviewed state's appeals from pretrial suppression orders and in reviewing such cases we made a *preliminary determination* that the state had met the critical impact test. Had we not made such a preliminary determination, we would not have decided those appeals but would have dismissed them.

*Id.* (emphasis added; footnote omitted). In a footnote, the court referred to the use of critical impact as "a threshold requirement to review." *Id.* at 550, n. 10.

██ In an appeal where the critical impact standard could not be met, the *Webber* court

reversed on the merits. *Webber,* 262 N.W.2d at 159. This indicates that reversal, rather than dismissal, is the appropriate disposition. But, in this regard, *Joon Kyu Kim* modifies *Webber,* indicating that dismissal is also a proper disposition when the state has not shown critical impact. *See Joon Kyu Kim,* 398 N.W.2d at 550 (indicating the court would have dismissed had the state failed to meet the critical impact test).

As the state points out, this court has addressed critical impact in a number of published opinions reaching the merits of pretrial appeals. *See, e.g., State v. Hookom,* 474 N.W.2d 624, 630 (Minn.App.1991); *State v. Grimmett,* 459 N.W.2d 515, 518 (Minn. App.1990). These opinions, however, should not be read as waiving this court's right to apply *Joon Kyu Kim* and make a preliminary determination of critical impact in selected cases.

██ This court's practice is to review carefully the statements of the case submitted in prosecution pretrial appeals. In most cases, critical impact will be apparent from the nature of the order being appealed. But in a few cases, where the notice of appeal or the statement of the case does not indicate critical impact, it is appropriate under *Joon Kyu Kim* to require the state to make a preliminary showing of critical impact. In those cases, this court will issue an order questioning jurisdiction, giving the prosecutor and the defense an opportunity to make a preliminary showing on the issue of whether critical impact exists. It would be helpful if the prosecutor in such cases provided copies of the complaint, relevant police reports and witness statements, as necessary, rather than relying on argumentative statements regarding the anticipated evidence.

### II.

██ The state also argues that the critical impact test does not apply to this appeal because it does not involve the suppression of evidence. To support its position, the state cites a number of cases involving pretrial discovery orders. In these cases, which do not involve the suppression of evidence, this court has declined to apply the critical impact

standard. *See State v. Cain,* 427 N.W.2d 5, 9–10 (Minn.App.1988) (critical impact test does not apply to order allowing defense to conduct adverse psychological examination); *City of Bemidji v. Harr,* 368 N.W.2d 359, 360 (Minn.App.1985) (critical impact test does not apply to order requiring prosecution witness to appear for a deposition); *see also State v. Solheim,* 477 N.W.2d 785, 786–87 (Minn.App. 1991) (critical impact need not be shown where court has ordered disclosure of confidential informant's identity). The supreme court, however, has applied the critical impact standard to an order denying a prosecution motion to exclude defense evidence. *State v. Barsness,* 473 N.W.2d 828 (Minn. 1990), *rev'g* 446 N.W.2d 666 (Minn.App.1989). We follow *Barsness* and apply this test.

### III.

The state contends that critical impact is shown in this case, primarily by the acquittal of Jones' co-defendant, Merrill Hill, after the court admitted the Swenson's Truck Stop robbery evidence in that case. The state argues that this evidence became a central issue at that trial, diverting the jury's attention from the charged offense.

The state has presented a summary of the evidence against Hill, but no summary of the evidence against Jones. The state has not appended a copy of the complaint, nor any other documentation of the state's case. The state's memorandum does show that Northbird is alleged to have been a co-conspirator with Jones, Hill, and others, in a plan to commit one or more robberies. Northbird, however, testified that he withdrew from the conspiracy before the charged offense, the Palace Casino robbery.

The district court ruled that Northbird's involvement (if any) in the earlier Swenson's Truck Stop robbery "goes directly to the issue of [Northbird's] involvement in the conspiracy" and would show "motive, opportunity, identity as well as the credibility of [Northbird]."

It appears that the state will present the testimony of Northbird as one who was intimately involved in a criminal conspiracy to commit robbery, and therefore someone in a position to present credible evidence of Jones' involvement. Although the state initially attacks the district court's order as allowing improper impeachment of Northbird's credibility, Northbird will be an admitted co-conspirator. The state has not shown that evidence of a separate, complete offense will have a critical impact on the credibility of Northbird. Neither has the state shown how crucial Northbird's credibility is to its case.

Upon further analysis, it is apparent that the state's objection to this evidence extends to a series of evidentiary rulings it expects the district court will make. Similar rulings allegedly allowed the defense in the Hill trial to focus the jury's attention on the Swenson's Truck Stop robbery. This involves much more than the court's initial ruling that evidence of Northbird's alleged involvement in that robbery is relevant. The state indicates that the court in the Hill trial made a number of hearsay rulings, permitted "extensive cross-examination of the police witnesses regarding their investigation of the Swenson's robbery," and allowed the defense to introduce expert testimony on this topic.

This court cannot assume, at this stage of the proceedings, that the district court at trial will be faced with the same evidentiary issues raised in the Hill trial, nor that it would make the same rulings. As this court has noted in declining to answer a pretrial certified question concerning the admissibility of defense evidence, this would "amount to issuing an advisory opinion." *State v. Kvale,* 352 N.W.2d 137, 140 (Minn.App.1984). This court cannot predict what the witness' testimony will be nor assume that the evidence offered will present the same issues as in the Hill trial. *See, e.g., State v. DeWald,* 464 N.W.2d 500, 504–05 (Minn.1991) (trial court should defer final *Spreigl* ruling until trial because subsequent events, including unforeseen testimony, may impact on the ruling).

In conclusion, the state has not shown that the district court's ruling that the Swenson's Truck Stop robbery evidence is relevant has a critical impact. Neither can the state premise critical impact on a series of evidentiary rulings that may or may not follow that ruling.

## DECISION

This court has authority to require the state to make a preliminary showing that an order denying a motion to exclude evidence will have a critical impact on the outcome of a trial. The state has not shown the district court's order has critical impact.

**Appeal dismissed.**