**STATE of Minnesota, Appellant,**

v.

**John Keith PIKE, Respondent.**

No. C5–95–1892.

Court of Appeals of Minnesota.

Jan. 30, 1996.

Review Granted March 19, 1996.

and suppressed all evidence obtained as a result of the stop. The court further dismissed all charges against Pike. The State of Minnesota appeals. We affirm.

## FACTS

On December 21, 1994, at approximately 11:17 p.m., Minnesota State Patrol Trooper Matthew Nelson was on the shoulder of I–35 after having stopped a motorist. His rear-facing overhead lights were activated. As he was merging back onto the freeway, a vehicle passed him.

Nelson entered the right lane and turned off his overhead lights. As he accelerated to cruising speed, he noticed that the vehicle was traveling slowly. Nelson's report estimated the vehicle's speed at 45–50 miles per hour. During the omnibus hearing, however, he estimated its speed at 40–50 mph and testified that, at one point, the vehicle slowed to 35 mph.

Nelson testified he became suspicious when it appeared that the driver of the vehicle was trying to induce him to pass. He ran a computer check on the vehicle's license plates, and determined that the registered owner was John Keith Pike, whose date of birth was May 29, 1963. Nelson testified at the hearing that he saw a "lone male occupant in the vehicle [whom he] believed to be in the right age category" or "about the age that the registered owner was." Nelson admitted, however, that it was very dark and that he only saw the back of the driver's head. Nelson further admitted that he could not tell someone's age by seeing the back of his head and that he only approximated the driver's age and could have been mistaken.

Nelson ran a driver's license check on Pike and found that his license had been revoked. Nelson decided to stop the vehicle to investigate and immediately determined that Pike was driving.

Following the omnibus hearing, the trial court found that Nelson was not able to articulate sufficient reason for stopping Pike's vehicle and that the stop was the product of mere whim, caprice, or idle curiosity. The court noted that Nelson testified that he was unable to observe much about

Hubert H. Humphrey, III, Attorney General, St. Paul, Craig S. Nelson Freeborn County Attorney, David J. Walker, Assistant County Attorney, Freeborn County, Albert Lea, for appellant.

Mark D. Nyvold, St. Paul, for respondent.

Considered and decided by AMUNDSON, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

KLAPHAKE, Judge.

Respondent John Keith Pike was charged with gross misdemeanor driving while under the influence and misdemeanor driving after revocation. *See* Minn.Stat. §§ 169.129; 169.121, subds. 1(a), 3(c)(1); 171.24, subd. 2 (1994). After an omnibus hearing, the trial court found that the initial stop was unlawful

the driver because it was dark, that he was only able to observe the driver from behind, that he never observed any unusual driving conduct except that the driver apparently wanted him to pass, and that he never came alongside the vehicle. The court concluded:

> A review of the evidence indicates that the officer was unable to articulate a specific reason for stopping the vehicle. He had a hunch that he acted upon, that is, that the registered owner would be the driver of this vehicle and that registered owner's driving privileges were revoked. A "hunch" does not meet the standard required by law for a stop of a motor vehicle. This stop was the product of "mere whim, caprice or idle curiosity." All evidence obtained by the officer at the stop must be suppressed. Thus, there is no probable cause for the charges which have been filed against this defendant.

## ISSUE

Did the trial court clearly and unequivocally err in finding that the officer had no articulable basis for stopping the vehicle?

## ANALYSIS

■ On appeal from a pre-trial order suppressing evidence, the state must show that the trial court's order was clearly and unequivocally erroneous, and if not reversed, will critically impact the prosecution of the case. *State v. Joon Kyu Kim,* 398 N.W.2d 544, 547 (Minn.1987); *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977). The parties agree that suppression of the evidence critically impacts this case. Therefore, the only issue is whether the trial court clearly and unequivocally erred in finding that the stop was unlawful.

■ The Fourth Amendment applies to brief investigatory stops of vehicles, and an officer must have a particularized and objective basis for suspecting the person stopped of criminal activity or motor vehicle violation. *State v. McKinley,* 305 Minn. 297, 302, 232 N.W.2d 906, 910 (1975) (stop and frisk of defendant unlawful, when officers neither observed any unlawful or suspicious conduct on part of defendant nor had knowledge of cancellation of his driver's license). An officer

stopping a vehicle must have at least "specific and articulable facts" establishing a "reasonable suspicion" of a motor vehicle violation or criminal activity. *Id.* at 301–02, 232 N.W.2d at 909–10 (citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

The state insists that once Nelson had information that the registered owner of the vehicle had a revoked license, he could reasonably suspect that the driver of the vehicle was the registered owner. The state further insists that this knowledge, coupled with the unusually slow speed of the vehicle and Nelson's belief that the driver's appearance matched that of the registered owner of the vehicle, justified the stop.

The trial court, however, discredited or rejected Nelson's testimony that he believed the driver was a younger male, a description which would have been consistent with the identity of the registered owner. The court did so based on Nelson's admission that he was unable to observe much about the driver because it was dark and because he only saw the driver from behind. The trial court also rejected Nelson's testimony that he became suspicious when the vehicle slowed considerably, apparently in an attempt to get the trooper to pass him. The court rejected this testimony based on Nelson's admission that he never observed any unusual driving conduct. Given our limited standard of review, we cannot conclude that the trial court's rejection of Nelson's testimony was clearly erroneous. *See State v. Dickerson,* 481 N.W.2d 840, 843 (Minn.1992) (trial court's findings not reversed unless clearly erroneous, and great deference given to court's determinations regarding credibility of witnesses), *aff'd,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

■ Thus, the only information Nelson possessed at the time of the stop was that the registered owner of the vehicle had a revoked license. Nelson had no knowledge or information that the registered owner was actually driving the vehicle. *Cf. State v. Duesterhoeft,* 311 N.W.2d 866, 868 (Minn. 1981) (stop lawful when officer believed defendant's license still under revocation and reasonably suspected defendant was person

driving vehicle); *City of St. Paul v. Vaughn,* 306 Minn. 337, 237 N.W.2d 365 (1975) (stop lawful even though officers mistakenly believed they were stopping defendant's brother, whom they knew to be under driver's license suspension). Nelson therefore failed to articulate a reasonable basis for believing he was stopping a revoked licensee and not some innocent third party. *See State v. Greyeagle,* 541 N.W.2d 326 (Minn.App.1995) (no particularized suspicion for automobile stop exists when police routinely stop vehicles with specially issued "WX" or "WY" license plates). Under these circumstances, Nelson's stop of the vehicle was unlawful.

## DECISION

The trial court's order suppressing all evidence obtained as a result of the unlawful stop is affirmed.

**Affirmed.**