STATE of Minnesota, Respondent,

v.

Eric Allen **BRUNES**, Appellant.

No. C7–85–368.

Court of Appeals of Minnesota.

Aug. 27, 1985.

Review Denied Oct. 11, 1985.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Harold R. Fritz, II, Nisswa, for appellant.

Heard, considered and decided by NIER-ENGARTEN, P.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Eric Brunes appeals from an adjudication of guilt for possession of a controlled substance, entered December 20, 1984.

Appellant initially appealed from the omnibus order, a non-appealable order. Rule 29.02, subd. 3, Minn.R.Crim.P. By order of this court February 2, 1985, the appeal was dismissed without prejudice.

Appellant subsequently appealed from the adjudication of guilt entered December 20, 1984. He now seeks review of the omnibus order, claiming the omnibus court erred when it failed to disclose to appellant the identity of the State's confidential informant, and that it erroneously refused to suppress the unannounced, nighttime search.

We affirm.

## FACTS

During the day of March 17, 1984, an individual approached Crow Wing County Deputy Sheriff Jeffrey Birchem with information that appellant Eric Brunes had recently purchased LSD and marijuana, had been selling it in Brainerd, and would be selling the remainder of his supply that evening at a party in his home. Later the informant attended the party but left after a short time, when he/she ("he") returned to Deputy Birchem and confirmed that sales of LSD and marijuana were taking place at that moment at Brunes' home.

Based on the information supplied by the informant, Deputy Birchem prepared a search warrant application, including reasons for wanting to conduct an unannounced, nighttime search. The judge signed a search warrant at approximately 11:00 p.m.

At approximately 11:50 p.m. eight officers arrived and made an unannounced entry into Brunes' home. Some of the officers were in uniform and some had their guns drawn. After finding drugs, LSD, and marijuana on the premises, Deputy Birchem arrested Brunes.

At the omnibus hearing, during cross-examination of Deputy Birchem, Brunes' attorney challenged the validity of the search warrant by attempting to prove the informant was not reliable. He introduced Brunes' affidavit listing every person who had been at the party on March 17, 1984, as well as signed affidavits from each person on Brunes' list stating that he had not spoken to the police.

Appellant's attorney then argued that since the informant had claimed to be at the party, and since every participant had signed an affidavit that they were not the informant, the informant either lied to the police when he said he was at the party, or lied to Brunes in the affidavit when he admitted being at the party but claimed not to be the informant.

Appellant's attorney reasoned that since there was a lie either to the police or appellant, the informant's credibility was now impeached and appellant had a right to know the informant's identity for purposes of cross-examination to test the adequacy of probable cause for the warrant, admittedly based on what the informant claimed he saw. The judge called a recess to examine the affidavits. When testimony resumed, the judge sustained each of the prosecutor's objections to attempts by Brunes' attorney to learn the identity of the confidential informant.

Following the omnibus hearing, the court issued an order finding it was unable either to rule on Brunes' motion to suppress or to find probable cause. The court ordered the State to produce the confidential informant for an *in camera* examination to assess the informant's credibility relative to a finding of probable cause. The court did not allow appellant's attorney to attend the *in camera* hearing, nor a chance to learn the informant's identity at this point.

The court, upon examining the confidential informant *in camera*, determined he was reliable and issued an order finding probable cause denying appellant's motion to suppress.

Following the omnibus hearing, in addition to arguing for disclosure of the informant, appellant's brief raised for the first time objections to the unannounced, nighttime search. The court denied all defense motions and the case was submitted for trial on stipulated facts. Brunes was found guilty and sentenced, and this appeal followed.

## ISSUES

1. Did the trial court properly conduct an *in camera* examination of the State's confidential informant, keeping secret from appellant the identity of the informant, to determine whether the search warrant was supported by probable cause?

2. Is the issue of unannounced, nighttime search properly before this court?

## ANALYSIS

### I.

#### Identity of confidential informant

This case involves the government's privilege to keep the identity of its informant confidential in the setting of an omnibus hearing. Appellant's attorney challenged the accuracy of statements in the search warrant affidavit by producing appellant's affidavit and those of the persons at his home the night of the arrest which claimed to show that the informant was not at the party that night.

The affidavit in the search warrant application stated that the informant was present at the party, and appellant's attor-

ney argued correctly that the informant had either lied to the police about his presence at the party, or lied to Brunes about not being the informant.

Unable to rule on probable cause, the court ordered *in camera* examination of the informant relying on *State v. Luciow,* 308 Minn. 6, 240 N.W.2d 833 (1976).

Although appellant was notified of the *in camera* examination, he was not allowed to be present or to learn the informant's identity. Appellant argues that he is entitled to the identity of the informant and to cross-examine him to determine if the informant is reliable under the holding of *State v. Yahnke,* 336 N.W.2d 299 (Minn.1983). *Yahnke* does not deal with the issue of when an informant's identity must be revealed, rather it deals with the conditions under which an informant's testimony can be relied on, based on *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

■ We start with a presumption of validity with respect to the affidavit supporting a search warrant. *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). *Luciow* allows a defendant to challenge the validity of a facially sufficient search warrant under Rule 11.02, subd. 1, Minn.R.Crim.P., and affirms a limited right to the identity of a confidential informant upon a prima facie showing:

> If a defendant has presented sufficient evidence to challenge the veracity of an affidavit executed to obtain a search warrant, he is entitled to some form of disclosure of an informant's identity if he can establish that such disclosure is necessary to complete his evidentiary attack on the supporting affidavit.

*Id.* at 838–9.

■ Rule 9, Minn.R.Crim.P. impliedly provides for disclosure of an informant's identity in those limited situations where it is clear that such information is essential to the establishment of probable cause. *Id.*

■ Once a sufficient prima facie showing is made at the omnibus hearing that an affidavit contains material false statements, the trial court shall, pursuant to principles set forth in *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) rehearing denied 386 U.S. 1042 (1967), and *Roviaro v. U.S.,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), require disclosure of the identity of a confidential informant whose information is relied on in the affidavit. *Luciow,* 240 N.W.2d at 839.

Here appellant made a prima facie showing challenging the veracity of the search warrant. The trial court was unable to determine probable cause and under *Luciow* some form of disclosure was required. *See State v. Lewis,* 270 N.W.2d 891, 895 (Minn.1978).

The next step is to determine whether either an *in camera* or an in court evidentiary hearing was necessary at the omnibus level to protect appellant's fourth amendment (search and seizure) rights. *Franks v. Delaware,* 438 U.S. at 171, 98 S.Ct. at 2684.

■ Here, where the trial court was unable to establish whether the affidavit contained materially false statements, it properly held an evidentiary hearing.

The *Franks* court held that an evidentiary hearing must be held at the defendant's request:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause * * *

*Id.* at 155–6, 98 S.Ct. at 2676.

■ It does not follow automatically that such a hearing must either reveal the informant's identity to appellant or be held in open court. Revelation of the informant's identity may be called for at the court's discretion, in fairness to the defendant, at the outset of such a hearing, or later but prior to trial. It is not mandated at the outset.

*State v. Syrovatka*, 278 N.W.2d 558 (Minn.1979), based on the landmark case *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), held that prior to making a determination that disclosure of an informant's identity is material to a determination of the defendant's guilt or innocence, the trial court should require an *in camera* disclosure of the informant. The supreme court cautioned that the trial court should not do so solely on the basis of *speculation* by defendant that the informant's testimony might be helpful. The defendant must explain precisely what testimony he thinks the informant will give and how this testimony will be relevant to a material issue of guilt or innocence. *Id.* at 562.

■ *Syrovatka* stands for the proposition that prior to in court revelation of a confidential informant's identity, the court may under *Luciow* conduct an *in camera* examination to determine whether the appellant has met his burden of showing that the informant's testimony is necessary for a fair trial. In the context of an omnibus hearing, the court may reserve for itself the right to conduct an *in camera* examination to determine probable cause.

In this case, the trial court permissibly went behind a facially valid search warrant based on its inability to determine probable cause and made an *in camera* determination. We have reviewed the sealed transcript and determined that the trial court's questioning established adequate probable cause to issue the search warrant.

At the *in camera* hearing, the informant testified that he was present at the party, personally observed drug transactions, and gave that information to the police. The informant told the court that he signed appellant's affidavit denying being the informant because he feared for his personal safety.

On the issue of credibility, the informant had previously given police information which led to an arrest, but that case had not yet come to trial. The confidential informant's reason for denying to appellant that he was the informant is credible and we find that his untruthful statements to appellant that he was not the informant does not weaken his credibility as to what he saw at the party.

On these facts, we do not find that disclosure to appellant of the informant's identity was mandatory at the omnibus hearing.

■ We do not foreclose future defendants from attempting to learn the identity of informants for purposes of trial, even if they fail to carry the burden of proof necessary for disclosure at suppression hearings. Defendants are still entitled at the trial to continue their offer of proof that knowledge of the informant's identity is material to a theory of their defense. *Syrovatka v. State*, 278 N.W.2d at 562; *State v. Luciow*, 308 Minn. 6, 240 N.W.2d 833 (1976). The government's privilege is not absolute. *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). The *Roviaro* court noted:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

*Roviaro*, 353 U.S. at 62–3, 77 S.Ct. at 628–29.

Appellant's interests at the suppression hearing were adequately protected by the *Luciow* procedure. A later disclosure must be left up to the trial court.[1]

The trial court's discretion is not limited and is subject to appellate review. Here the court, following an *in camera* examina-

**1.** Disclosure at this appellant's trial was not presented as an issue on appeal. The appeal was restricted to disclosure at the suppression hearing.

tion, determined that the informant was reliable. We reviewed the *in camera* transcript and find that the trial court did not err in its finding of probable cause, and did not err in refusing to reveal to appellant the informant's identity.

## II.

### Unannounced, nighttime search

Respondent claims that the issue of the propriety of the unannounced, nighttime search was raised for the first time on appeal. Appellant first raised these issues in its omnibus hearing memorandum submitted *after* the omnibus hearing.

■ A motion to suppress based on objections to an unannounced, nighttime search must be raised at the omnibus hearing. This is necessary to give the State the opportunity to present evidence to refute appellant's claims.

> [H]aving been told he may have a test of the admissibility of this evidence on constitutional grounds before the trial, [appellant] fails or refused to request such a hearing, any objection which he may otherwise make based on this ground may be deemed waived.

*State ex rel Rasmussen v. Tahash,* 272 Minn. 539, 555, 141 N.W.2d 3, 14 (1966). *See State v. McLane,* 346 N.W.2d 688 (Minn.Ct.App.1984).

■ Because appellant did not raise these issues at the omnibus hearing, it has waived them and their appeal is not properly before this court.

### DECISION

The trial court properly conducted an *in camera* examination of the State's confidential informant, without disclosing the informant's identity to appellant, to determine whether the search warrant was supported by probable cause. The issues of unannounced nighttime search were not timely raised and are not reviewable on

appeal. The omnibus court did not err in refusing to suppress the evidence.

Affirmed.