**STATE of Minnesota, Appellant,**

v.

**Thomas Stewart ROTHSTEIN, Respondent.**

No. C8–87–1730.

Court of Appeals of Minnesota.

April 26, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., Mary A. Yunker, Asst. Co. Atty., St. Cloud, for appellant.

John D. Ellenbecker, Schmidt & Lund, St. Cloud, for respondent.

Heard, considered and decided by FOLEY, P.J., and NORTON and MULALLY,* JJ.

## OPINION

FOLEY, Judge.

This pretrial appeal by the State of Minnesota is from an order for an *in camera* hearing to determine whether a government informant should be disclosed to the defendant, respondent Thomas Stewart Rothstein. We reverse.

## FACTS

Rothstein is charged with two counts of sale of a controlled substance, marijuana, under Minn. Stat. § 152.09, subd. 1(1) (1986). On December 17, 1986, arrangements were made by an undercover police officer to purchase marijuana from Steven Marklowitz. The undercover police officer met Marklowitz and Rothstein at a basement apartment in St. Cloud. Rothstein handed the undercover officer a bag of marijuana. The officer then handed Marklowitz $40, and Marklowitz gave the money to Rothstein.

On January 21, 1987, the same undercover police officer again met with Marklowitz and Rothstein at the same basement apartment. The officer asked to purchase marijuana, but Marklowitz and Rothstein stated that they had no marijuana to sell. Rothstein placed two phone calls and informed the officer that Rothstein would have marijuana to sell by the next day. On January 22, 1987, the same officer met with Marklowitz and Rothstein again. Rothstein stated that he had been unsuccessful in obtaining marijuana to sell and again placed two phone calls. Rothstein informed the officer that he should return later that evening. When the officer re-

turned, Rothstein sold the officer a bag of marijuana, and the officer gave Rothstein $40. The claimed government informer was not present at either of these two sales.

Rothstein claims that an alleged government agent, "Ernest Brown," had met him numerous times prior to the first sale of marijuana. On these occasions, Brown had asked Rothstein to sell marijuana, but Rothstein refused to participate in the sale. Eventually, Rothstein consented to a sale after Brown stated that the buyer would be a student having a difficult time in his life. Rothstein claims that he was induced to participate in this transaction against his better judgment due to the persistence of Brown.

Rothstein filed a notice of the defense of entrapment. Rothstein also asked for the real name, address and phone number of Brown, along with other information regarding Brown's involvement in the investigation. The motion for disclosure and the defense of entrapment are based on the claims that Rothstein had not been involved in the sale of marijuana prior to December 17, 1986, that Brown had induced Rothstein to sell, and that Brown had initiated the requests for the sale of marijuana.

At the hearing on Rothstein's motion for disclosure, Rothstein's attorney presented an offer of proof regarding Brown's potential testimony which would help Rothstein. Rothstein did not testify or appear at this hearing. According to counsel, the inducement consisted of Brown's numerous prior attempts to have Rothstein participate in the sale of marijuana.

The trial court found, based on counsel's offer of proof:

## I.

Defendant has raised the defense of entrapment based upon the following: Defendant was entrapped by one Ernest Brown, an agent of the state, to participate in the alleged sale of a controlled substance. Mr. Brown induced the De-

* Acting as judge of the court of appeals by ap-

pointment pursuant to Minn. Const. art. 6, § 2.

fendant to participate in said alleged sale in such a manner so as to cause the Defendant to participate although it was his desire not to participate in said alleged sale. That said sale was arranged, by and set up by Ernest Brown after numerous attempts by Ernest Brown in the past to set up such a sale, all of which the Defendant refused to participate in. That on the 17th of December, 1986, the Defendant was present when Ernest Brown again attempted to arrange and set up a sale of marijuana. That the Defendant did have in his possession marijuana which he had no intention of selling, but was induced against his will and better judgment by Ernest Brown to sell the marijuana in his possession to the undercover police officer involved.

## II.

That the allegations raised by Defendant, if believed, would be relevant to the issue of entrapment and would result in a finding of entrapment at trial.

## III.

That balancing the public interest in protecting the flow of information about crime from informant against a Defendant's right to prepare his defense require an *in camera* hearing as prescribed in *Syrovatka v. State*, 278 NW2d 558 (1979).

The court ordered that an *in camera* hearing pursuant to *Syrovatka v. State*, 278 N.W.2d 558 (Minn.1979), would be held. Counsel for each party would present written questions to be asked of the informant. Rothstein would not be informed of the time or place of the hearing.

## ISSUE

Did the trial court clearly err in ordering an *in camera* hearing?

## ANALYSIS

■ The Supreme Court of Minnesota has specified numerous factors which should be considered by the trial court in determining whether disclosure of an informant's identity is necessary to a fair determination of a defendant's guilt. These factors include whether the informant was a material witness; whether the informant's testimony will be material to the issue of guilt; whether the state's evidence is suspect; and whether the informant's testimony might disclose entrapment. *State v. Ford,* 322 N.W.2d 611, 614 (Minn. 1982).

The supreme court has stated the standard for ordering an *in camera* hearing disclosure for an asserted entrapment defense:

> Rather than reject out of hand the suggestion that the informant might have information relevant to entrapment, the court should consider the matter *in camera*. However courts should not require *in camera* disclosure solely on the basis of speculation by the defendant that the informant's testimony might be helpful. The defendant must explain precisely what testimony he thinks the informant will give and how this testimony will be relevant to a material issue of guilt or innocence.

*Syrovatka,* 278 N.W.2d at 562.

■ Here, Rothstein's offer of proof fails to meet the criteria needed to warrant an *in camera* hearing. Rothstein has embarked on a mere fishing expedition without a minimum showing to give rise to a prima facie case of entrapment warranting an *in camera* hearing. There is no evidence of badgering, pressure or persuasion by the alleged informant, which is needed to show Rothstein was induced into committing this crime. *See State v. Olkon,* 299 N.W.2d 89, 107 (Minn.1980). The evidence shows that Rothstein readily responded to Brown's solicitation. *See id.* Rothstein had numerous chances to avoid selling marijuana, but instead made numerous phone calls to locate marijuana to sell and asked the undercover officer to return after Rothstein had obtained marijuana. The state was thus able to overcome Rothstein's evidence of no prior criminal record or activity and defeat a claim of no predisposition. *See id.*

Also, Rothstein has not established that Brown's testimony would aid in his defense. This case is clearly distinguishable on its facts from *State v. Lenorud*, 412 N.W.2d 816 (Minn.Ct.App.1987), which also involved Brown. Significant to our decision here are the facts that two separate sales occurred, there is no claim that Brown was present at either transaction, and, surprisingly, no claim of entrapment by the officer who was present. *See id.* at 817–18. This situation hardly rises to the level of inducement so as to overcome the willpower of Rothstein and dominate his conduct in such a manner as to compel him to act. Not only did Rothstein fail to show a prima facie case of entrapment, but his claim is broad and merely speculative in nature.

 The informant privilege is designed to protect the identity of government informers so as to shield them from retribution and to preserve their usefulness for future operations. Disclosure of an informer calls for a balancing of the public interest in protecting the flow of information about crimes from informants against a defendant's right to prepare his defense. *Roviaro v. United States*, 353 U.S. 53, 60, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). Absent a minimum showing by a defendant that rises to a level of a prima facie showing of entrapment, law enforcement officers would be deterred in their efforts to ferret out criminal activity with respect to trafficking of drugs.

If the identity of informants would be required or an *in camera* proceeding be held to determine whether information should be disclosed in every situation, then confidentiality in this area would be destroyed. It is difficult enough in a proper case to protect confidentiality in an *in camera* hearing posture, without jeopardizing the informant's status where grounds are totally lacking, such as in the present case. Here, the state has thus shown an *in camera* hearing "significantly reduces the likelihood of a successful prosecution." *Lenorud*, 412 N.W.2d at 818.

**DECISION**

The trial court erred in ordering the *in camera* hearing.

Reversed.