**STATE of Minnesota, Appellant,**

v.

**Jerome Myron WESSELS, Respondent.**

**No. C5–88–609.**

Court of Appeals of Minnesota.

May 31, 1988.

Review Denied July 6, 1988.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for appellant.

Mark Patrick Essling, St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SCHUMACHER and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Judge.

The state appeals a pretrial order for in camera questioning of a government informant. We affirm.

## FACTS

On December 8, 1987, the St. Paul police obtained a warrant to search respondent Jerome Wessels, his car, and his home for stolen property and controlled substances. The warrant was issued on the basis of information reported by an informant. The informant gave the police some methamphetamine ("krank") allegedly purchased at Wessels' home, and stated that he/she had personal knowledge that Wessels had sold "krank" in exchange for specific stolen property, which the informant described.

The search uncovered drugs and related paraphernalia in the basement of the house. Wessels was arrested and charged with possession of methamphetamine with intent to distribute, a felony. Wessels pleaded not guilty, and moved for disclosure of the informant's identity.

The trial court held an evidentiary hearing on the motion. Wessels was the only witness who testified. He denied possessing or selling methamphetamine. He testified that other people, including his twin brother and a friend with a criminal record, had been living at his home at 582 Winslow at the time of the search, and that a number of other people who did not live there had been in and out of the house around that time. He also testified that another individual, Russel Winge, was in the basement of the house at the time of the search and was also arrested.

Wessels suggested that the informant who provided the information for the search warrant did not really exist. He admitted that he had no factual basis for making this statement, but stated he believed that "whoever this person [the informant] is, they are telling the police completely wrong information."

The trial court ordered the state to produce the informant for in camera questioning, and issued a written order explaining its reasoning:

The Court is troubled by this case. * * * At this point in the proceeding it is clear to the Court that one or more of several persons could have had possession of the methamphetamine located in the basement of 582 Winslow on December 8, 1987.

There is nothing in the record to reflect that the defendant in this case had exclusive possession or control of the basement at 582 Winslow. At the time of the arrest another person, Russell Winge, was in the basement. The defendant's twin brother was in the home. Another resident, Mr. Aguilar, was recently taken to jail. It is possible that any one of those persons possessed the methamphetamine.

It troubles the Court that the informant stated that he delivered methamphetamine purchased from 582 Winslow. The informant does not state that he purchased methamphetamine from Jerome Wessels.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. Art. 6, § 2.

It is the Court's view that the informant is at a minimum, a potential material witness for the defense in this case. The informant may be able to testify as to who methamphetamine was purchased from. This would assist in the defense of this case by helping to establish which resident of 582 Winslow brought methamphetamine onto the premises in the first place. If the informant has knowledge of which resident possessed the contraband this would be very crucial to the defense.

The trial court then balanced the state's interest in avoiding disclosure of the informant's identity against the defendant's right to prepare his case, and concluded:

The Court finds that the informant is more than a mere purveyor of information in this case. The informant is a competent witness with knowledge of relevant and material facts. This is not to say that the Court does not recognize the State's interests here. The interests of the State can be protected by In Camera disclosure, without the presence of Counsel for either party. * * *

The above procedure represents a minimal intrusion against the State's interests. Only the Court and the Court Reporter will learn the identity of the informant. If the Court, after questioning the informant, determines that further disclosure is required, the Court will so order.

The court ordered the state to produce the informant for questioning in the judge's chambers at a time certain. The state appeals the trial court's order. The state has submitted an affidavit from police sergeant Richard Freichels in support of its appeal. Wessels moves to strike the affidavit because it contains evidence which is not part of the record on appeal.

## ISSUE

Did the trial court clearly err in ordering the informant to appear for in camera questioning to determine whether the informant's identity should be disclosed to defendant Wessels?

## ANALYSIS

■ The trial court's order compelling production of the informant for in camera questioning is appealable under Minn.R. Crim.P. 28.04, subd. 1(1). This court may reverse "only if the state demonstrates clearly and unequivocally, first, that the trial court erred in its judgment and, second, that unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Joon Kyu Kim,* 398 N.W.2d 544, 547 (Minn.1987).

Wessels may have a right to know the informant's identity, either for the purpose of attacking the validity of the search warrant, *see State v. Luciow,* 308 Minn. 6, 14, 240 N.W.2d 833, 839 (1976), or of defending his case on the merits. *See Syrovatka v. State,* 278 N.W.2d 558, 561 (Minn.1979). The trial court in this case has not yet decided whether to disclose the informant's identity to Wessels, and has simply ordered the informant to appear for in camera questioning to determine whether there is any basis for disclosure.

In several previous cases, Minnesota appellate courts have allowed or instructed the trial court to question an informant in camera to determine whether there is any basis for disclosing the informant's identity to the defendant. *See Syrovatka,* 278 N.W.2d at 559; *Luciow,* 308 Minn. at 17, 240 N.W.2d at 841; *State v. Lenorud,* 412 N.W.2d 816, 818 (Minn.Ct.App.1987); *State v. Brunes,* 373 N.W.2d 381, 385–86 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985). The state argues that the trial court erred in ordering in camera questioning in this case, because Wessels did not make a "substantial preliminary showing" that he may be entitled to disclosure of the informant's identity. *See Brune,* 373 N.W.2d at 384 (quoting *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978)).

■ The defendant has the burden to establish the need for in camera questioning of an informant. *State v. Ford,* 322 N.W.2d 611, 614 (Minn.1982). This burden is somewhat lighter than the defendant's

ultimate burden of proving that disclosure of the informant's identity is necessary:

> The defendant has the ultimate burden of establishing the need for the disclosure of the informant's identity. If the defendant fails to meet this burden but is able to establish a basis for inquiry by the court, then the court should hold an in camera hearing to consider affidavits or to interview the informant in person.

*Id.* at 614.

 A defendant can establish a basis for inquiry by making a prima facie showing challenging the veracity of a search warrant, or by making a prima facie showing that the informant may be a material witness at trial. *See Syrovatka,* 278 N.W.2d at 562 (evidence showed that informant may have been witness to crime and that informant's testimony might be necessary for fair trial); *Luciow,* 308 Minn. at 15, 240 N.W.2d at 840 (evidence concerning relationship between police officer and probable informant called the informant's credibility into question); *State v. Rothstein,* 422 N.W.2d 300 (Minn.Ct.App.1988) (order for in camera hearing reversed where defendant did not make a prima facie case of entrapment); *Lenorud,* 412 N.W.2d at 817 (defendant made prima facie case of entrapment); *Brunes,* 373 N.W.2d at 384 (defendant made prima facie showing that informant was unreliable). The defendant need not prove to a certainty that the search warrant is invalid or that the informant is a material witness. A defendant seeking an in camera investigation of an informant need only show "some chance of prevailing" on these issues. *Lenorud,* 412 N.W.2d at 818. However, mere "speculation" that the informant is unreliable or a material witness is not sufficient to require in camera investigation. *Syrovatka,* 278 N.W.2d at 562. The defendant's showing must be supported by the defendant's testimony or other evidence. *Ford,* 322 N.W.2d at 614.

 The trial court in this case concluded that Wessels had proffered a prima facie defense to the possession charge, and that the informant might be a material witness in support of that defense. In order to prove that Wessels constructively possessed methamphetamine, the state must show either that the police found the methamphetamine "in a place under defendant's exclusive control to which other people did not normally have access," or, if the methamphetamine was found in a place to which others had access, that there is a "strong probability" that the defendant was "consciously exercising dominion and control" over the methamphetamine. *State v. Wiley,* 366 N.W.2d 265, 270 (Minn. 1985) (quoting *State v. Florine,* 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975)). The trial court ordered in camera questioning of the informant because it was "clear to the court that one or more of several persons could have had possession of the methamphetamine located in the basement of 582 Winslow" and because the informant might have "knowledge of which resident possessed the contraband." The trial court's written order indicates that the court based its conclusions on specific items of evidence in the record. Thus, it is impossible for us to conclude that the trial court "clearly and unequivocally erred" in ordering in camera questioning of the informant to determine whether the informant really is a material defense witness.

The state's arguments that Wessels failed to make a sufficient showing to justify in camera questioning are unpersuasive. The state asserts that Wessels' "unsupported" denial that he possessed methamphetamine and his "rank speculation" that the informant does not really exist are an insufficient basis for in camera investigation. The state argues that if a defendant's denial of a crime is enough to trigger an in camera investigation, then investigations will be required in every case involving informants.

The state has mischaracterized the basis of the trial court's decision. The trial court relied on more than Wessels' denial of the crime and his speculation that the informant might not exist. Wessels did not merely deny possessing methamphetamine—he gave specific testimony indicating that several other people may have possessed or sold it. The trial court or-

dered in camera questioning on the combination of this testimony and the fact that the informant failed to specifically state that the methamphetamine turned over to the police was purchased from Wessels.

The state also argues that Wessels is not entitled to disclosure of the informants' identity because the informant in this case is a "mere transmitter of information," not a material witness to the crime. *See, e.g., State v. Purdy,* 278 Minn. 133, 145, 153 N.W.2d 254, 262 (1967). The trial court specifically found, on the basis of the evidence presented at the hearing, that the informant is more than a "purveyor of information," and may be a material defense witness. This finding is based on specific evidence in the record, and is not clearly erroneous. In any event, this argument is premature because the trial court has not yet decided whether to disclose the informant's identity to Wessels.

Finally, the state argues that we must reverse the trial court's order for in camera questioning under our recent decision in *Rothstein,* 422 N.W.2d 300. In *Rothstein,* the trial court ordered in camera questioning of an informant to explore whether the defendant might have an entrapment defense. We reversed the trial court's order because we concluded that the defendant had failed to make a prima facie showing of entrapment, and was on a "mere fishing expedition" for the identity of the government's informant. *Id.,* 422 N.W.2d at 302.

This case is distinguishable from *Rothstein.* Wessels has proffered a prima facie defense to the possession charge which may be supported by the informant's testimony. We are convinced that this is not a "mere fishing expedition" for the informant's identity and that that trial court did not clearly err in ordering the informant to appear for in camera questioning to determine whether disclosure is appropriate.

Since we conclude that the trial court did not clearly err in ordering in camera questioning of the informant, we do not reach the issue whether the trial court's order will have a "critical impact" on the outcome of this case. It is therefore unnecessary for us to rule on Wessel's motion to strike

the state's affidavit submitted on this issue.

The state has expressed concern that the informant may be inadvertently identified because the trial court's order requires the informant to appear at a specific place and time for questioning. This problem can easily be solved if the trial court modifies the order to be less specific. The state should raise this issue to the trial court. *See Lenorud,* 412 N.W.2d at 818.

### DECISION

We affirm the trial court's order requiring the state to produce the informant for in camera questioning.

Respondent is awarded $2000 for attorney fees and $162.60 for costs.

Affirmed.