STATE of Minnesota, Appellant,

v.

Jed Gregory SOLHEIM, Respondent.

No. C5-91-989.

Court of Appeals of Minnesota.

Dec. 3, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott County Atty., Susan K. McNellis, Asst. County Atty., Shakopee, for appellant.

Thomas L. Iliff, Bloomington, for respondent.

Considered and decided by DAVIES, P.J., and PARKER and FOLEY *, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a pretrial order requiring the state to disclose the identity of a confidential informant. We reverse and remand.

## FACTS

On July 31, 1990, Jed Gregory Solheim and two companions allegedly met with a

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

Shakopee undercover officer and an informant known as "Hal" to complete a purchase of ten pounds of marijuana. This transaction had been arranged through "Hal" and through a mutual acquaintance of "Hal" and Solheim.

Solheim was arrested and charged with conspiracy to possess marijuana. He gave notice of an entrapment defense and requested its submission to a jury rather than to the court. Solheim claimed as a basis for this defense his lack of a prior criminal record, his alleged solicitation by police agents to commit the crime, and the state's use of undisclosed informants. Solheim's attorney filed an affidavit in support of the request for the disclosure of the informants.

In response to the motion, the trial court issued an order requiring the informant to testify in an *in camera* hearing to determine whether he was a disclosable "material witness." The court ruled that Solheim had a right to present an entrapment defense but would be required to provide specifics of the defense within five days after the *in camera* hearing.

At the *in camera* hearing, the informant testified that his neighbor had asked him if he knew anyone who had any marijuana, explaining that he knew someone who wanted to buy some. The informant testified this inquiry came "out of the blue."

The informant testified he thought Solheim was acquainted with his neighbor, who played no further role in the deal except to provide Solheim with the informant's phone number.

The informant testified that Solheim called him approximately five times, eventually setting a meeting for a parking lot in Shakopee. The informant testified he initially told Solheim he had thirty pounds to sell, but that Solheim had responded that he would obtain the money to buy ten pounds, then purchase the rest at a later time.

When the informant arrived at the parking lot with the undercover officer, Solheim was there with two friends. Solheim allegedly entered the back seat of the car and asked if the informant had the dope. The informant asked Solheim if he had the money, and Solheim began peeling large amounts of cash out of his pockets, at which point he was arrested.

At the *in camera* hearing, the court questioned the informant about his agreement with the police and his experience working with them. He testified he had an oral agreement under which he received 10% of the cash seized and property confiscated, and he had received $3,200 for his work on this case.

The trial court concluded Solheim had sufficiently shown "Hal" was a material witness, and that, while Solheim had not shown a lack of predisposition, the fact that "Hal" was paid for the transaction could indicate entrapment. The trial court ordered the state to disclose the informant's identity and Solheim to provide the specifics of his entrapment defense within five days after the disclosure.

## ISSUES

1. Does the "critical impact" standard apply to this appeal?

2. Did the trial court clearly err in ordering disclosure of the informant?

## ANALYSIS

■ 1. Solheim contends the state has not shown the disclosure will have a critical impact on the prosecution. *See generally State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.1987) (in a pretrial appeal, this court will reverse only if state shows trial court erred and error will have critical impact on trial's outcome). The state argues critical impact is shown because it is put to the choice of compromising its informant or dismissing the prosecution.

We have no doubt that an informant disclosure order has an impact on the prosecution as described by the state. This court has not required a further showing of "critical impact" in such appeals. *See, e.g., State v. Lenorud*, 412 N.W.2d 816, 818 (Minn.App.1987); *cf. State v. Rothstein*, 422 N.W.2d 300, 302 (Minn.App.1988) (appeal from order requiring only an *in cam-*

*era* hearing). This is consistent with the treatment of appeals from other discovery orders. *State v. Cain,* 427 N.W.2d 5, 9–10 (Minn.App.1988); *City of Bemidji v. Harr,* 368 N.W.2d 359, 360 (Minn.App.1985). In order to appeal from an informant disclosure order, the state need not show it would dismiss the prosecution rather than disclose the informant.

■ 2. The supreme court has approved a four-factor test for determining whether a confidential informant should be disclosed:

    (a) Whether the informant was a material witness. * * *

    (b) Whether informer's testimony will be material to the issue of guilt. * * *

    (c) Whether testimony of officers is suspect. * * *

    (d) Whether the informant's testimony might disclose entrapment. * * *

*Syrovatka v. State,* 278 N.W.2d 558, 561–62 (Minn.1979).

■ The defendant bears the burden of making a showing sufficient to require disclosure. First, there is an initial burden of a minimal showing of a basis for the *in camera* inquiry. *State v. Moore,* 438 N.W.2d 101, 106 (Minn.1989). Second, after the informant has been questioned *in camera,* the defendant must show a need for disclosure, i.e., "a reasonable probability that the informant's testimony [is] necessary to a fair trial." *Syrovatka,* 278 N.W.2d at 562.

■ The trial court noted that "Hal" was an eyewitness to the drug transaction, not merely a participant in preparing the crime. As the supreme court observed in *Syrovatka,* this may be an important distinction in determining whether the informant is a "material witness." *Syrovatka,* 278 N.W.2d at 561–62; *cf. Rothstein,* 422 N.W.2d at 303 (disclosure not required because there was no claim that the informant was present at either transaction). However, it is not *sufficient* to show that the informant was present during the alleged criminal offense without also indicating some dispute as to what occurred at that point. *Cf. Syrovatka,* 278 N.W.2d at 562 ("The real dispute was over what was said and done at the alleged transaction."). Solheim provided no grounds to the trial court for believing there was a material factual dispute concerning the transaction.

Solheim did present an affidavit from defense counsel in support of disclosure, alleging that Solheim did not consider buying marijuana until it was suggested to him by "Hal" "and/or other unnamed individuals." He also stated that Solheim received a number of calls from "Hal" over a period of several days up to the day of the sale urging him to deal.

■ A defendant may obtain disclosure of an informant for purposes of establishing an entrapment defense if he makes what could be termed a "prima facie" case of entrapment. *See Lenorud,* 412 N.W.2d at 817–18; *see also Rothstein,* 422 N.W.2d at 302–03 (defendant must make a prima facie showing of entrapment to warrant an *in camera* hearing). Generally:

    The defendant must explain precisely what testimony he thinks the informant will give and how this testimony will be relevant to a material issue of guilt or innocence.

*Syrovatka,* 278 N.W.2d at 562.

This court has held: "The defendant's showing must be supported by the defendant's testimony or other evidence." *State v. Wessels,* 424 N.W.2d 572, 575 (Minn.App. 1988), *pet. for rev. denied* (Minn. July 6, 1988). Although Solheim's counsel asserted that "Hal" had made several phone calls pressuring Solheim, he presented no evidence supporting this claim, which was directly contrary to "Hal" 's *in camera* testimony. *See State v. Ford,* 322 N.W.2d 611, 614 (Minn.1982) (defense counsel's speculation as to informant's involvement, which was unsupported by defendant's testimony or other evidence, was insufficient to require disclosure). Counsel's affidavit fell short of being even an offer-of-proof, because it lacked any details of what Solheim's testimony, or other defense evidence, would show.

The fact that the informant received payment for arranging the drug transaction

does not show he pressured Solheim into agreeing to buy, and does not satisfy Solheim's burden of producing some evidence to show entrapment. The mere incentive of the informant to solicit "business" is insufficient to require disclosure, particularly where the informant has testified no pressure was exerted.

The trial court clearly erred in requiring disclosure on the record made. On remand, Solheim should have an opportunity to present his own testimony, or other evidence, to support his claim that he was entrapped or that "Hal" is a material witness.

## DECISION

The trial court clearly erred in requiring disclosure of the informant without defendant's testimony, or other evidence, to support a defense of entrapment or to show the informant is a material witness.

Reversed and remanded.