*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-0818**

State of Minnesota,
Respondent,

vs.

Danielle Lynn DeMarais,
Appellant.

**Filed July 21, 2014
Affirmed
Peterson, Judge**

Mille Lacs County District Court
File No. 48-CR-11-2410

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janice S. Jude, Mille Lacs County Attorney, Tara Christel Ferguson Lopez, Assistant County Attorney, Milaca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Andrew Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a conviction of gross-misdemeanor driving while impaired (DWI), appellant argues that the district court erred in admitting the alcohol-

concentration evidence obtained from appellant's breath test when the state did not establish an exception to the warrant requirement. Because appellant waived this issue by failing to raise it before the district court, we affirm.

## FACTS

Appellant Danielle Lynn DeMarais and three of her friends were sitting inside appellant's car, which was parked in the driveway of a residence. Appellant was sitting in the driver's seat drinking a beer. Mille Lacs County Sheriff's Deputy Mitch Lawler drove by the residence, which was in foreclosure. Because foreclosure properties are common targets for crimes, Lawler stopped to investigate.

Lawler walked up to the driver's side of the car, and appellant rolled down the window. Lawler smelled a strong odor of alcohol coming from appellant. Appellant admitted that she had been drinking that evening and that she drove the vehicle to the residence. Appellant exhibited numerous signs of impairment when performing field sobriety tests.

Lawler arrested appellant and brought her to jail. At the jail, appellant admitted that she was feeling the effects of alcohol. After Lawler read appellant the implied-consent advisory, she submitted to a breath test, which showed an alcohol concentration of .15.

Appellant was charged with two counts of third-degree gross-misdemeanor DWI: being in physical control of a motor vehicle while under the influence of alcohol and being in physical control of a motor vehicle with an alcohol concentration of .08 or more

within two hours of driving.[1]  Appellant waived all omnibus issues except any relating to the admissibility of her statement to police.  The case was tried to a jury.  Appellant's breath-test result was admitted into evidence without objection.  The jury found appellant guilty of both DWI counts.  The district court sentenced appellant on the offense of being in physical control of a motor vehicle while impaired.  This appeal followed.

## D E C I S I O N

After appellant was sentenced and before this appeal was filed, the Supreme Court issued its opinion in *Missouri v. McNeely*, holding that "natural metabolization of alcohol in the bloodstream [does not] present[] a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases."  133 S. Ct. 1552, 1556 (2013).  Appellant argues that, under *McNeely*, the district court erred in admitting her breath-test result when the state did not establish that an exception to the warrant requirement applied.

Generally, a defendant's failure to bring a suppression motion results in waiver:

> Defenses, objections, issues, or requests that can be determined without trial on the merits must be made before trial by a motion to dismiss or to grant appropriate relief.  The motion must include all defenses, objections, issues, and requests then available.  Failure to include any of them in the motion constitutes waiver . . . .

Minn. R. Crim. P. 10.01, subd. 2.

A defendant who fails to object before trial to the admission of evidence allegedly obtained in violation of her constitutional rights will generally be deemed to have waived

---

[1] Appellant was also charged with violating the open-container law, but that charge was dismissed before trial.

the issue. *State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 550-51, 141 N.W.2d 3, 11 (1965); *see also State v. Pederson–Maxwell,* 619 N.W.2d 777, 780 (Minn. App. 2000) (noting that "[i]n order for constitutional challenges to the admission of evidence to be timely, objections to such evidence must be raised at the omnibus hearing" in the form of a pretrial motion to suppress); *State v. Brunes,* 373 N.W.2d 381, 386 (Minn. App. 1985) (holding that defendant waived his constitutional objection to admission of evidence by failing to raise the issue at the omnibus hearing), *review denied* (Minn. Oct. 11, 1985). But the court can grant relief from the waiver for good cause. Minn. R. Crim. P. 10.01, subd. 2.

The purpose of the waiver rule is to afford the state the opportunity to present evidence and argument refuting a defendant's suppression claim. *State v. Needham*, 488 N.W.2d 294, 296 (Minn. 1992); *Brunes*, 373 N.W.2d at 386. As a result of appellant's failure to raise the Fourth Amendment issue before the district court, the state was denied that opportunity, and the record is not sufficiently developed for appellate review.

Appellant argues that the doctrine of waiver should not be applied to this case because *McNeely* was not decided until after appellant was sentenced. We recognize that *McNeely* abrogated a Minnesota Supreme Court case holding that the natural dissipation of alcohol in the bloodstream established a per se exigency that alone justified an exception to the warrant requirement for nonconsensual blood testing in DWI cases. *McNeely*, 133 S. Ct. at 1558 & n.2. But that does not change the need for a record that is sufficiently developed for appellate review.

Appellant argues that this court should decline to apply waiver in the interests of justice. But appellant has not shown good cause for granting relief from waiver. This is not a case in which applying waiver would "perpetuate a substantial and essential injustice in the sense that as a result an innocent [person] may have been convicted." *Tahash*, 272 Minn. at 551, 141 N.W.2d at 11.

Even without the breath-test result, there was strong evidence that appellant was in physical control of a motor vehicle while under the influence of alcohol. Appellant was seated in the driver's seat and admitted that she drove to the residence. Lawler smelled a strong odor of alcohol coming from appellant, and appellant exhibited numerous signs of impairment when performing field sobriety tests. Appellant also admitted that she had been drinking and that she was feeling the effects of alcohol.

Appellant waived the issue of the admissibility of her breath-test result by failing to raise it before the district court and has not shown good cause for relief from that waiver.

**Affirmed.**