*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-2254**

State of Minnesota,
Respondent,

vs.

Zakaria Hussein Ali,
Appellant.

**Filed October 20, 2014**
**Affirmed**
**Stauber, Judge**

Hennepin County District Court
File No. 27CR1242328

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Hudson, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from his conviction of prohibited person in possession of a firearm, appellant argues that the district court abused its discretion by denying his motion for

either disclosure of the identity of the confidential reliable informant (CRI), or for an in camera review with the CRI to determine if disclosure was necessary. We affirm.

**FACTS**

In December 2012, appellant Zakaria Ali was charged with one count of prohibited person in possession of a firearm. The complaint alleged that police learned from a CRI that appellant and others "were planning a robbery in south Minneapolis for that day." According to the complaint, police learned from the CRI that appellant and "two others would be picked up by a blue [Ford] Taurus in the area of 83rd and Halifax Avenue North in Brooklyn Park . . . and that they would be driven to an apartment near 46th and Lyndale Avenue North . . . where the CRI said they would be picking up a gun." The complaint also alleged that police set up surveillance and corroborated the information provided by the CRI. The complaint further alleged that after the group left the Lyndale Avenue North apartment, but before any robbery occurred, police observed appellant, who was the front-seat passenger of the Taurus, "bend down and then sit upright." Police then "stopped the car on the entrance ramp to I-94 heading towards south Minneapolis" and, following a search of the car, discovered a 9mm handgun under the front passenger seat.

Appellant moved to disclose the identity of the CRI, claiming that "[n]either the complaint nor the discovery . . . contain any information about the criteria the officers used to determine whether the CRI was in fact reliable, the criminal history of the CRI, or any past experience that the [police] ha[ve] had with this CRI." Appellant argued that the identity of the informant must be disclosed (1) "to allow the defendant to prepare his

2

defense and receive a fair trial" and (2) "to determine whether the police had reasonable suspicion justifying a stop of the vehicle." Appellant argued alternatively that if the CRI's identity were not disclosed, an in camera hearing should be held.

The district court concluded that (1) appellant did not meet his burden of establishing necessity or materiality regarding disclosure of the CRI's identity; (2) police had an independent reasonable suspicion justifying a stop of appellant's vehicle; and (3) there was no basis for an inquiry justifying an in camera hearing. The district court denied appellant's motion to disclose the identity of the CRI or to hold an in camera hearing. A jury found appellant guilty of the charged offense, and the district court imposed the mandatory 60-months executed prison sentence. This appeal followed.

## D E C I S I O N

Appellant argues that the district court abused its discretion by denying his motion for either disclosure of the identity of the CRI or for an in camera review with the informant to determine if disclosure was necessary. The district court's order regarding disclosure of the identity of a CRI is reviewed for an abuse of discretion. *State v. Rambahal*, 751 N.W.2d 84, 90 (Minn. 2008).

A defendant can establish a basis for an in camera inquiry "by making a prima facie showing challenging the veracity of a search warrant, or by making a prima facie showing that the informant may be a material witness at trial." *State v. Wessels*, 424 N.W.2d 572, 575 (Minn. App. 1988), *review denied* (Minn. July 6, 1988). But the supreme court has held that it is inappropriate to disclose the identity of a confidential informant or to hold an in camera inquiry only "to allow defense counsel to conduct a

3

fishing expedition in the hope of discovering other possible misrepresentations on which to attack probable cause for the warrant." *State v. Moore*, 438 N.W.2d 101, 106 (Minn. 1989). "[C]ourts should not require *in camera* disclosure solely on the basis of speculation by the defendant that the informant's testimony might be helpful. The defendant must explain precisely what testimony he thinks the informant will give and how this testimony will be relevant to a material issue of guilt or innocence." *Syrovatka v. State*, 278 N.W.2d 558, 562 (Minn. 1979).

Here, as the district court found, appellant has "presented no evidence to establish the low standard needed for a basis for inquiry." Instead, appellant surmised that the CRI was "likely" to be "someone who was involved in planning the robbery" and that disclosure of the CRI's identity would demonstrate that the CRI did not gain "his information through rumors and conjecture." But appellant provides no more than "mere speculation" that disclosure of the CRI's identity would be helpful. Thus, the district court did not err by denying appellant's request for disclosure without conducting an in camera review. And because appellant failed to make the lesser showing to support his argument that the district court should have held an in camera hearing, appellant cannot satisfy the "ultimate burden of proving that disclosure of the informant's identity is necessary." *See Wessels*, 424 N.W.2d at 574-75 (noting that defendant's burden to establish the need for an in camera hearing "is somewhat lighter than the defendant's ultimate burden of proving that disclosure of the informant's identity is necessary").

**Affirmed.**

4